■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN A. JOHNSON, Appellant. [650 NYS2d 408] —Mercure, J.

Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 3, 1994, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the first degree.

As of May 1993, defendant had supplied Allen Gordon with cocaine for approximately 1 to $1^1/_2$ years. On a number of occasions, defendant gave Gordon cocaine in exchange for Gordon's assistance in transporting drugs into the City of Elmira, Chemung County. On those occasions, to avoid driving his own vehicle (which the police may have connected with area drug trafficking), defendant would telephone Gordon and request that they meet at one of several prearranged locations outside the City so that Gordon could drive defendant and the drugs into the City. One of those calls came on May 18, 1993, at a time when Gordon had resolved to rid himself of his cocaine habit by eliminating his supplier. After he got off the phone with defendant, Gordon called the police and told them of his past experience with defendant and that he would be driving outside the City to meet defendant later that night.

Gordon and the police devised a plan whereby Gordon would make the rendezvous with defendant and return to the City by a prearranged route, where the police would maintain surveillance. After Gordon entered the City, he would commit an intentional vehicular infraction so as to provide the predicate for a stop of his vehicle and, finally, Gordon would consent to a search of the vehicle. Gordon and his girlfriend, Karen Vendetti, then went to meet defendant, the plan was successfully executed and a search of Gordon's vehicle revealed a brown paper bag wedged between the driver's seat and the console that was shown by subsequent analysis to contain 122.49 grams (or 4.32 ounces) of a chunky white powdery substance containing cocaine. Defendant was charged with criminal possession of a controlled substance in the first degree.

Prior to trial, the People sought a ruling permitting Gordon and Vendetti to testify concerning their past experience with defendant as related to the transportation of cocaine into the City, which the People maintained would be necessary "to complete the narrative" because defendant's prior drug trafficking was so inextricably interwoven into the facts of the case. Following a *Ventimiglia* hearing at which Gordon and Vendetti testified, County Court granted the application to the extent of permitting Gordon to testify concerning his desire to get away from his drug habit as a motivation for contacting the police and the prior occasions that he picked defendant up outside the City (without revealing the number of times). Ven-

detti was permitted to testify concerning the events of May 18, 1993 and the prior occasions when she accompanied Gordon to meet defendant outside the City and the fact that defendant would have cocaine on those occasions.

Following a jury trial, at which Gordon and Vendetti testified in accordance with County Court's ruling on the *Ventimiglia* application, defendant was convicted of the sole count of the indictment and was sentenced to an indeterminate prison term of 22 years to life. Defendant now appeals.

We affirm. Initially, we reject the contention that County Court erred in permitting Gordon and Vendetti to testify concerning defendant's prior drug trafficking. Although evidence of uncharged crimes must be excluded where it is offered solely to establish a defendant's criminal propensity (*see, People v Hudy*, 73 NY2d 40, 54-55), such evidence is admissible where the prior uncharged offense bears on a material issue in the case and its probative value outweighs the potentially prejudicial effect (*see, People v Ventimiglia*, 52 NY2d 350, 359-360; *People v Molineux*, 168 NY 264). We agree with County Court's conclusion that, absent the testimony at issue here, the jury would have been left to speculate as to why Gordon and Vendetti drove outside the City to meet defendant or why Gordon contacted the police and participated in the plan for a stop and search of his own vehicle. In view of the defense theory that defendant obtained a ride from Gordon only because he was having car trouble and that he had no knowledge of or connection with the cocaine that was found in Gordon's car, this testimony had important probative value on the critical issue of whether defendant placed the cocaine in the car (*see, People v Rivera*, 186 AD2d 504, 505; *People v Hernandez*, 139 AD2d 472, 477, *lv denied* 72 NY2d 957) and, as properly limited by County Court's instructions, was not unduly prejudicial.

We are also unpersuaded that County Court erred in closing the courtroom to the public during Gordon's testimony. The guarantee of a public trial is fundamental, but trial courts have discretionary authority to exclude the public when unusual circumstances necessitate it (*see, People v Hinton*, 31 NY2d 71, 75-76, *cert denied* 410 US 911). In our view, the evidence adduced at the *Hinton* hearing, including Gordon's testimony that he continued to serve the police as an undercover informant and that he had been subjected to death threats, supported closure (*see, People v Martinez*, 82 NY2d 436). Although Gordon's name appeared in the felony complaint, that instrument gave no indication of Gordon's role in bringing about defendant's arrest or his involvement in the

matter. Also, while there may have been limited disclosure of Gordon's *name*, there had been no disclosure of his *appearance*, and closure was necessary to prevent members of the public from connecting his face with his name. Thus, we reject the contention that there was no continuing reason to preserve Gordon's confidentiality. In any event, defendant's present contention that closure was unnecessary due to the fact that Gordon's identity and involvement in defendant's arrest had been fully disclosed during the People's opening statement may not be raised for the first time on appeal (*see*, CPL 470.05 [2]).

Defendant's next argument, that the absence of evidence concerning defendant's knowledge of the weight of the cocaine precluded his conviction of the charged crime (*see*, *People v Ryan*, 82 NY2d 497), is also unpreserved (*see*, *People v Gray*, 86 NY2d 10; *People v Hill*, 85 NY2d 256). Notably, defendant made only a general motion to dismiss at the conclusion of the People's case, based on the People's asserted failure to prove defendant's knowing possession of the cocaine; defendant made no motion or objection " 'specifically directed' " to the asserted lack of evidence of defendant's knowledge of the weight of the drug (*People v Gray*, *supra*, at 19). As for the contention that there was insufficient evidence of defendant's knowing possession of the cocaine, we need merely note that Vendetti and a police officer each testified to seeing defendant secrete the drug in Gordon's car and a further witness testified concerning defendant's postarrest admission that the drug was his.

Defendant's remaining contentions, including those raised in the *pro se* supplemental brief, have been considered and found unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.