■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD SIMPSON, Appellant. [— NYS2d —] —Mercure, J. P. Ap-

peal from a judgment of the County Court of Sullivan County (Sheridan, J.), rendered September 19, 1995, upon a verdict convicting defendant of the crimes of kidnapping in the second degree, sodomy in the first degree, assault in the second degree, criminal contempt in the second degree, criminal possession of a weapon in the fourth degree and unlawful imprisonment in the first degree.

Defendant's convictions arise out of separate incidents involving his estranged wife (hereinafter the victim) that took place on June 15 to June 16, 1994 and on July 4, 1994. On the latter occasion, after abducting the victim from her car, driving her to a remote area and, among other things, tying her up with a rope, choking her, hanging her upside down from a tree limb, menacing her with a hunting knife and forcing her to perform fellatio, defendant returned to his house, took a gun and barricaded himself in a room. Alerted by the victim, police came to the scene and surrounded the house. The ensuing standoff was resolved with the assistance of Town of Rockland Constable Eric Nissen who, acting as negotiator, spoke with defendant on the telephone and ultimately entered the building and took defendant into custody. Confronted with the victim's testimony and corroborative evidence establishing an overwhelming prosecution case, on appeal defendant primarily contends that County Court's erroneous *Sandoval, Ventimiglia* and *Huntley* rulings deprived him of a fair trial and require reversal of the judgment of conviction. We are not persuaded.

Even if County Court erred in its determination to permit defendant to be cross-examined concerning an uncharged 1970 rape (an issue that we need not reach), the fact is that, when so questioned, defendant denied his commission of the act. As such, and in view of County Court's unequivocal instruction to the jury that a question cannot itself constitute evidence, we perceive no prejudice. As for the *Ventimiglia* application, although defendant's brief contains an exhaustive discussion of the People's request for permission to offer direct evidence as to the circumstances that led the victim to move out of defendant's house and later to seek and obtain an order of protection, as well as County Court's ruling on the application and the prevailing law on the issue, he makes no effort to identify the trial testimony given by the victim or the statements in the People's summation that are alleged to have prejudiced him. In fact, our review of the record discloses only the most general and innocuous references to material covered by County Court's *Ventimiglia* ruling. In any event, we agree with the People that evidence of the circumstances underlying the deterioration of the marriage of defendant and the victim

were inextricably interwoven with the events underlying the indictment and were necessary to put the other trial evidence into proper context (*see, People v Johnson*, 233 AD2d 761; *People v Linderberry*, 215 AD2d 867, 870, *lv denied* 86 NY2d 844; *People v Civitello*, 152 AD2d 812, 813, *lv denied* 74 NY2d 947).

Finally, Nissen's telephone contact with defendant, initiated in an effort to induce defendant to give himself up without injury to him or to any of the police officers who were present on the scene, did not constitute custodial questioning (*see, People v Askew*, 220 AD2d 811; *People v Flannery*, 137 AD2d 615, 616, *lv denied* 71 NY2d 895) but was merely an effort to deal with an emergency situation (*see, People v Krom*, 61 NY2d 187, 198-199). Under the circumstances, we are not persuaded that defendant's statement to Nissen that the victim had accompanied him of her own free will was obtained in violation of defendant's right to counsel. Defendant's remaining contentions are not preserved for our review or have been considered and found to lack merit.

White, Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.