■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PUGH, JR., Appellant. [732 NYS2d 673] —Spain, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered June 16, 2000, which, *inter alia*, denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.

In 1995, defendant was tried and convicted of the crimes of rape in the first degree (two counts) and sodomy in the first degree for which he was sentenced as a second violent felony offender to three concurrent prison terms of 10 to 20 years. His conviction was affirmed by this Court (246 AD2d 679, *lvs denied* 91 NY2d 976, 92 NY2d 882). Defendant has filed two previous CPL 440.10 motions seeking vacatur of the judgment of conviction, both of which were denied by County Court.

In his current motion to vacate, made pursuant to the procedure provided in CPL 440.30 (1-a) (L 1994, ch 737, eff Aug. 2, 1994), defendant seeks the performance of forensic DNA testing on the clothes that he was wearing and the bedding that was in his room at the time the crimes in question were committed, contending that the absence of his semen on the tested material would provide evidence of his innocence. County Court denied the motion on the ground that defendant's request for DNA testing failed to allege any newly-discovered evidence (*see*, CPL 440.10 [1] [g]), the actual ground for a CPL 440.30 (1-a) application. The court held that defendant's application was foreclosed by his failure to raise this issue in the context of either his direct appeal or his two previous CPL 440.10 motions, filed in June 1998 and February 2000, respectively, despite the opportunity to do so (*see*, CPL 440.10 [3] [c]). Defense counsel has filed an *Anders* brief (*see*, *Anders v California*, 386 US 738, 741-742), seeking to be relieved of his assignment as defendant's attorney on the ground that there are no nonfrivolous issues to be raised on this appeal.

We affirm. Where, as here, the conviction occurred before January 1, 1996, a posttrial motion under the procedural device of CPL 440.30 (1-a) for DNA testing on specified evidence will be granted only where the movant demonstrates, *inter alia*, that within "a reasonable probability" the test results would have resulted in a verdict that was more favorable to the defendant had they been admitted in evidence at trial (CPL 440.30 [1-a]; *see*, *People v Kellar*, 218 AD2d 406, 408, *lvs denied* 88 NY2d 937, 94 NY2d 949, *appeal dismissed* 89 NY2d 948, *lv dismissed* 94 NY2d 904). No such showing is possible here as test results indicating the absence of defendant's semen on the tested material—defendant's clothing and bedding—would not

have exonerated or tended to exonerate defendant. Defendant was found guilty based upon the jury's finding that, using forcible compulsion, he had penetrated the victim and subjected her to deviate sexual intercourse (*see,* Penal Law § 130.00 [1], [2]; § 130.35 [1]; § 130.50 [1]). There was no allegation, testimony or evidence presented that ejaculation occurred, which was not an element of these crimes, and the record reflects that the rape kit tested negative for the presence of seminal fluid. Hence, a showing that defendant's semen was absent from—or that semen from another man was on— defendant's clothing and bedding would have had no impact on the guilty verdict.

Further, defendant was aware of this physical evidence, having moved to suppress it prior to trial, and the possibility of DNA testing was known to him at that time. As such, he is not entitled to a second opportunity to obtain DNA testing, having failed to pursue such testing either prior to trial (*see, People v Kellar, supra,* at 410) or upon his prior CPL 440.10 motions, despite having been in a position to adequately raise this issue (*see,* CPL 440.10 [3] [c]).

Upon our review of the record, defense counsel's brief and the brief submitted by defendant *pro se,* we agree that there are no nonfrivolous issues that can be raised on appeal. The order is, accordingly, affirmed and defense counsel's application for leave to withdraw as counsel is granted (*see, People v Stokes,* 95 NY2d 633; *People v Cruwys,* 113 AD2d 979, 980, *lv denied* 67 NY2d 650).

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, and application to be relieved of assignment granted.