(May 22, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK W. DEARSTYNE, JR., Appellant. [761 NYS2d 118] —Mer-

---

cure, J. Appeals (1) from an order of the County Court of Rensselaer County (McGrath, J.), entered April 27, 1998, which denied defendant's motion to prevent the District Attorney of Rensselaer County or any agent thereof from filing a response to defendant's motion pursuant to CPL 440.10 and 440.20, (2) from an order of said court, entered September 18, 1998, which, inter alia, denied defendant's motion pursuant to County Law § 722-c, (3) by permission, from an order of said court, entered October 13, 1999, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crimes of attempted rape in the first degree, aggravated sexual abuse in the first degree and endangering the welfare of a child (two counts), without a hearing, and which denied defendant's motion for forensic DNA testing pursuant to CPL 440.30 (1-a), and (4) from an order of said court, entered September 22, 2000, which, inter alia, denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.

In 1991, defendant was convicted of attempted rape in the first degree, aggravated sexual abuse in the first degree, and two counts of endangering the welfare of a child, for which he was sentenced to an indeterminate term of imprisonment of 10 to 30 years. Upon his appeal, this Court remanded the case to County Court for a speedy trial hearing (215 AD2d 864 [1995]) and, thereafter, affirmed defendant's conviction (230 AD2d 953 [1996], *lvs denied* 89 NY2d 921 [1996], 89 NY2d 1034 [1997]).*

In 1997, defendant moved to, among other things, vacate the judgment under CPL 440.10 and 440.20, and have DNA testing ordered under CPL 440.30 (1-a). Defendant thereafter separately moved to prevent the People from filing a response to his CPL article 440 motion and for an order authorizing funds for expert witnesses and consultants pursuant to County Law § 722-c. By order entered April 27, 1998, County Court denied defendant's motion to preclude the People's response. In a later order entered September 18, 1998, the court denied defendant's County Law § 722-c motion. Defendant appealed from both orders. This Court denied defendant's separate motions for poor person relief on the ground that both orders were not appealable.

---

* A more detailed recitation of the facts regarding defendant's underlying conviction and appeals can be found in our decision affirming that conviction (230 AD2d 953, 954 [1996], *supra*). This Court also previously affirmed the denial of defendant's motions pursuant to CPLR 2307 and 2302 (b) for the issuance of subpoenas duces tecum (*Matter of Dearstyne v Rensselaer County Dist. Attorney*, 262 AD2d 723 [1999], *appeal dismissed* 93 NY2d 1036 [1999]).

Thereafter, in an order entered October 13, 1999, County Court denied defendant's CPL article 440 motion without a hearing. The court noted that many of defendant's submissions were unsworn, defendant failed to demonstrate facts requiring a hearing, many of defendant's contentions could have been raised on his direct appeal and defendant failed to show ineffective assistance of counsel. The court also rejected defendant's request for a DNA test pursuant to CPL 440.30 (1-a). Defendant appeals from that order both by permission and as of right.

In May 2000, defendant again moved, now pro se, to have DNA testing performed pursuant to CPL 440.30 (1-a). On September 22, 2000, County Court denied the motion without a hearing, stating that the issue had previously been decided and, if the court were to consider it, the motion should be denied on the merits. Defendant also appeals from that order.

As an initial matter, we note that the April 27, 1998 order denying defendant's motion to preclude the People's response to his CPL article 440 motion and the September 18, 1998 order denying defendant's County Law § 722-c motion are not appealable (see CPL 450.10). Thus, we sua sponte dismiss defendant's appeals from those orders. Defendant's argument that County Court improperly denied his section 722-c motion, however, is reviewable on his appeal from the denial of his CPL 440.10 motion (see CPL 470.15 [1]).

Defendant argues that County Court erred in denying his motion for funds pursuant to County Law § 722-c, which he sought for purposes of retaining experts to testify about DNA and other medical evidence, false confessions and psychological evidence related to child abuse syndrome. Defendant evidently hoped to establish, through their testimony, that the experts were essential at his trial and that because his attorney failed to call the experts, he received ineffective assistance of counsel. In order to prevail on a motion pursuant to County Law § 722-c, a defendant must show both necessity and, if the compensation sought is in excess of $300, extraordinary circumstances (see People v Dove, 287 AD2d 806, 807 [2001]; People v Lane, 195 AD2d 876, 878 [1993], lv denied 82 NY2d 850 [1993]). Although defendant submitted affidavits—some of which were unsworn—explaining how such expert testimony may have been helpful at trial, he failed to establish that the experts were necessary for him to succeed on his CPL 440.10 motion, how the testimony of some of the experts would show that he received ineffective assistance of counsel or that extraordinary circumstances exist here warranting the expenditure of additional

public funds. We conclude that County Court did not abuse its discretion in denying defendant's application.

Defendant also contends that County Court erred in denying his motion to have DNA testing ordered pursuant to CPL 440.30 (1-a). That provision requires courts to grant motions for DNA testing related to convictions occurring before January 1, 1996 only where the movant demonstrates, among other things, "that within 'a reasonable probability' the test results would have resulted in a verdict that was more favorable to the defendant had they been admitted in evidence at trial" (*People v Pugh*, 288 AD2d 634, 634 [2001]; *see* CPL 440.30 [1-a]).

Here, defendant seeks to have DNA testing performed on material allegedly taken from a victim's underwear. He asserts that if testing showed the presence of semen from another man, a reasonable probability exists that the jury would have acquitted him. Defendant was convicted, however, of attempted rape of this victim and there were no allegations that ejaculation or penetration occurred. Therefore, a showing that defendant's semen was absent from the victim's underwear would not necessarily have impacted the verdict (*see People v Pugh, supra* at 635). In any event, a rape kit and the victim's underwear tested negative for the presence of seminal fluid and, thus, DNA testing could not have resulted in a more favorable verdict at trial.

We additionally reject defendant's argument that County Court improperly refused to consider facts alleged in unsworn documents submitted in connection with his CPL article 440 motion. Where a CPL article 440 motion "is based upon the existence or occurrence of facts, the motion papers must contain sworn allegations thereof" (CPL 440.30 [1]). Finally, even assuming that defendant's claims of ineffective assistance of counsel are not based on facts appearing in the record and could not have been raised in his prior appeal (*cf. People v Hickey*, 277 AD2d 511, 511 [2000], *lv denied* 95 NY2d 964 [2000]), his claims are either moot, unsupported by sworn allegations of fact or meritless. We have considered defendant's remaining arguments and find them unpersuasive.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the appeals from the orders entered April 27, 1998 and September 18, 1998 are dismissed. Ordered that the orders entered October 13, 1999 and September 22, 2000 are affirmed.