THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BAILEY, Appellant. [825 NYS2d 708]—

Appeal by the defendant pursuant to CPL 450.10 (5) from an order of the County Court, Nassau County (Galasso, J.), entered October 15, 2003, which, inter alia, denied his postconviction motion pursuant to CPL 440.30 (1-a) for DNA testing.

Ordered that the order is affirmed.

Pursuant to CPL 440.30 (1-a) (a), the court shall grant a defendant's application for forensic DNA testing of specified evidence "upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant." Here, the defendant failed to specify the evidence that he wished to have tested. Moreover, the defendant failed to show that there was a reasonable probability that DNA test results would have resulted in a verdict that was more favorable to him had such test results been admitted into evidence at trial (*see People v Mattocks*, 15 AD3d 676, 677 [2005]; *People v Shenouda*, 307 AD2d 938 [2003]; *People v Pugh*, 288 AD2d 634 [2001]). Accordingly, the County Court properly denied the defendant's motion for DNA testing.

The defendant's remaining contention is without merit. Adams, J.P., Ritter, Fisher and Covello, JJ., concur.