■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD SIMPSON, Appellant. [825 NYS2d 578]—

Mercure, J.P. Appeal from an order of the County Court of Sullivan County (Bruhn, J.), entered June 22, 2004, which, inter alia, denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.

In 1995, defendant was tried and convicted of the crimes of kidnapping in the second degree, sodomy in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, criminal contempt in the second degree and unlawful imprisonment in the first degree. His convictions arose, in part, from his kidnapping and forcible sodomizing of his estranged wife, and a more detailed description of the underlying facts may be found in this Court's decision affirming the convictions (235 AD2d 960 [1997], *lv denied* 89 NY2d 1100 [1997]). Pursuant to CPL 440.30 (1-a) (a), he seeks DNA testing on clothes that the victim was wearing, rope that was used to bind her and a red rag that was placed over her mouth, contending that there is a reasonable probability that the absence of either his or the victim's DNA on those items would have led to a verdict in his favor. County Court denied the motion and defendant now appeals.

We affirm. A motion for DNA testing "will be granted only where the movant demonstrates . . . within 'a reasonable probability' [that] the test results would have resulted in a verdict that was more favorable to the defendant had they been admitted in evidence at trial" (*People v Pugh*, 288 AD2d 634, 634 [2001], quoting CPL 440.30 [1-a] [a]; *see People v Pitts*, 4 NY3d 303, 310 [2005]). Here, defendant asserts that the ropes and red rag should have been tested for the skin, blood and saliva of the victim because the absence of her DNA on those items would have demonstrated that she was untruthful in describing the kidnapping and forced sodomy. As the People note, however, defendant was provided with a laboratory report prior to trial indicating that the ropes had no blood on them and the red rag had no saliva. That report is consistent with the victim's testimony at trial regarding her injuries, that the red rag was placed over her mouth and not in her mouth, and that the ropes used to hang her upside down from a tree limb were placed over

her clothing. Contrary to defendant's argument, the absence of his semen from the red rag or her clothes would not have impacted the verdict in light of the victim's testimony that defendant removed the rag before forcing her to perform fellatio and that she swallowed his semen after falling face first on the ground when defendant cut her from the tree. Under these circumstances, and in light of the "victim's testimony and corroborative evidence establishing an overwhelming prosecution case," including defendant's statement to police following a standoff at his house that the victim had accompanied him of her own free will (235 AD2d 960, 961 [1997], *supra*), we agree with the People that there is no reasonable probability that additional DNA testing would have led to a different verdict (*see People v Pitts, supra* at 311; *People v Dearstyne*, 305 AD2d 850, 853 [2003], *lv denied* 100 NY2d 593 [2003]; *People v Pugh, supra* at 634-635).

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed.