■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. BROWN, Also Known as BOOGER, Appellant. [827 NYS2d 742]—

Kane, J. Appeal from an order of the County Court of Albany County (Breslin, J.), entered April 14, 2005, which, inter alia, denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.

In 1990, defendant and his codefendant lured a woman into an apartment, stole her money and jewelry, then raped and sodomized her. Defendant was convicted of rape in the first degree, sodomy in the first degree (two counts) and robbery in the second degree. This Court affirmed the judgment of conviction (232 AD2d 750 [1996], *lv denied* 89 NY2d 940 [1997]). Defendant's current motion pursuant to CPL 440.10 and 440.30 (1-a) sought performance of DNA testing on a piece of hair collected from the outside of the victim's sweater. County Court denied the motion, prompting defendant's appeal.

We affirm. The People concede that the evidence sought still exists and can be made available for testing. The only issue is whether County Court erred in denying the application for DNA testing based on its determination that even if such testing had been conducted and the results had been admitted at defendant's trial, there was no reasonable probability that the verdict would

have been more favorable to defendant (*see* CPL 440.30 [1-a]; *People v Pugh*, 288 AD2d 634, 634 [2001]). Here, it is not probable that defendant would have been acquitted even if DNA testing proved that the hair found on the outside of the victim's sweater did not belong to him. The hair could have belonged to his codefendant, one of several people who were in the apartment where defendant carried out his crimes and required the victim to undress, or anyone the victim encountered in the hours before the crimes occurred. Defendant was not convicted based on the small hair belonging to someone of his ethnicity, but on the testimony of his codefendant, victim, and two residents of the apartment, each of whom testified that they either saw or heard defendant carrying out the sexual attack. This testimony would not have been impeached by proof that the hair did not belong to defendant (*see People v De Oliveira*, 223 AD2d 766, 768 [1996], *lv denied* 88 NY2d 1020 [1996]; *see also People v Dearstyne*, 305 AD2d 850, 853 [2003], *lv denied* 100 NY2d 593 [2003]). As any possible DNA evidence would not have tended to exonerate defendant, the court properly denied the motion (*see People v Pugh, supra* at 634-635).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed.