■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KING, Also Known as REALITY, Appellant. [831 NYS2d 589]—

Mercure, J. Appeal from an order of the County Court of Albany County (Herrick, J.), entered December 8, 2005, which denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.

Defendant was convicted in 1987 of rape in the first degree

(two counts), rape in the second degree, rape in the third degree (two counts) and escape in the first degree. The facts underlying his convictions, which arose out of his sexual intercourse with a 15-year-old relative and a 12-year-old neighbor, are more fully set forth in this Court's decision affirming the convictions (170 AD2d 710 [1991], *lv denied* 77 NY2d 997 [1991]). Defendant has since unsuccessfully moved several times to vacate the judgment of conviction. Pursuant to CPL 440.30 (1-a), he now seeks DNA testing on a "rape kit" that he alleges was prepared when his 15-year-old victim sought medical attention at Eastern Long Island Hospital. County Court denied the motion and defendant appeals.

We affirm. An application for DNA testing of evidence must be granted when the defendant demonstrates "that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant" (CPL 440.30 [1-a] [a]; *see People v Pitts*, 4 NY3d 303, 310 [2005]). Here, defendant argues that because the victim initially provided a statement indicating that defendant ejaculated during intercourse and an Assistant District Attorney referred to medical reports at the suppression hearing, a rape kit must have been prepared.

Although the Assistant District Attorney evidently referred to medical reports at the hearing, a special prosecutor provided an affidavit indicating that a thorough search of the files on defendant's case did not reveal any such reports. In any event, such reports are not evidence that could be tested for DNA and defendant points to no physical evidence recovered from the victim. In addition, defendant concedes that the special prosecutors assigned to the case never possessed a rape kit or documents related thereto. Under these circumstances, the People met their burden of demonstrating that no evidence is available for testing (*see People v Pitts, supra* at 311).

Moreover, even if a rape kit had been prepared, the People indicated at trial that there were no scientific tests showing the presence of semen and there would be no testimony by any witness that semen was present. Given that the victim waited two days before seeking medical attention and that there was no likelihood that the victim misidentified defendant, together with the People's express affirmation to the trial court that there was no evidence regarding semen, there is no reasonable probability that DNA testing would have led to a different verdict and, thus, defendant's motion was properly denied (*see id.*; *People v Dearstyne*, 305 AD2d 850, 853 [2003], *lv denied* 100 NY2d 593 [2003]; *People v Pugh*, 288 AD2d 634, 634-635 [2001]).

Defendant's remaining argument has been rendered academic by our determination.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed.