■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY W. WEST, Appellant. [837 NYS2d 415]—

Rose, J. Appeal from an order of the County Court of Schoharie County (Bartlett III, J.), entered August 21, 2006, which denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.

In 1997, following a jury trial, defendant was convicted of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child. He was later sentenced to concurrent prison terms aggregating 25 years to life and, in 1999, we affirmed his conviction (257 AD2d 767, 768 [1999], lv denied 93 NY2d 880 [1999]). At the trial, the seven-year-old victim did not testify and DNA testing failed to show whether defendant was or was not the source of the semen that had been found on vaginal and rectal swabs taken from the victim. In 2006, asserting that further testing could show that the semen was not his because of advances in the methods of DNA analysis, defendant moved for an order directing retesting pursuant to CPL 440.30 (1-a). County Court found that further testing would not have affected the verdict, held that the physical evidence to be tested no longer existed and denied defendant's motion. Defendant appeals and we reverse.

CPL 440.30 (1-a) requires a court to grant a motion for DNA testing only where the movant demonstrates within a reasonable probability that the test results would have resulted in a verdict that was more favorable to the defendant (see People v Simpson, 35 AD3d 901, 901 [2006], lv denied 8 NY3d 927 [2007]). Given that defendant had recanted his earlier admis-

sion of some sexual contact with the victim, the other evidence was circumstantial and the jury was informed that DNA testing had not excluded defendant as the source of the semen found inside the victim, the evidence of defendant's guilt was not so overwhelming that a different verdict would not have resulted if new DNA testing excluded him (cf. id. at 901-902; *People v Pugh*, 288 AD2d 634, 635 [2001]). Thus, County Court should have found a reasonable probability of a more favorable verdict if further testing showed that the semen found was not that of defendant.

Next, defendant argues that County Court improperly concluded that the physical evidence to be tested no longer exists based solely upon a State Trooper's affirmation that the evidence had been destroyed. While CPLR 2106 does not authorize treatment of a police officer's affirmation as a sworn affidavit, we note that CPL 440.30 (1-a) (b) requires no more than a "representation" as to the evidence's destruction. The content of the Trooper's affirmation here, however, is of more concern than its form. In *People v Pitts* (4 NY3d 303 [2005]), the Court of Appeals held that the People have "the burden of establishing with sufficient specificity whether the evidence existed and could be tested" and a conclusory assertion that the evidence no longer exists is legally insufficient (*id*. at 311-312). Here, the assertion is conclusory because it does not claim to be based upon personal knowledge of the evidence's destruction, does not state the source of the Trooper's knowledge or reveal when or where the evidence was destroyed. Also lacking is any reference to police records of the evidence's storage or disposal. As a result, County Court should have held a hearing to ascertain "whether the DNA evidence in question exists" (*id*. at 312).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Schoharie County for further proceedings not inconsistent with this Court's decision.