■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BOLLING, Appellant. [884 NYS2d 869]—

Appeal by the defendant pursuant to CPL 450.10 (5) from an order of the Supreme Court, Queens County (Hanophy, J.), dated April 16, 2007, which denied his motion pursuant to CPL 440.30 (1-a) for DNA testing.

Ordered that the order is affirmed.

The defendant's motion pursuant to CPL 440.30 (1-a) for DNA testing of blood found on a pole on a public street was properly denied on the ground that there was no "reasonable probability" that the test results would have resulted in a "more favorable verdict . . . had the results . . . been introduced at trial" (*People v Pitts,* 4 NY3d 303, 311 [2005]; *see People v Mattocks,* 15 AD3d 676 [2005]). Since the pole was in a public place, the blood could have come from other persons, not involved in the crime (*see People v Brown,* 36 AD3d 961 [2007]).

Further, this issue was previously raised in the United States

District Court for the Eastern District of New York, which found that the defendant's claim with respect to the "exculpatory potential of the evidence is purely speculative" (*Bolling v Stinson*, 1999 WL 287733, *7, 1999 US Dist LEXIS 6620, *21 [ED NY 1999]). Although that finding is not binding on this Court, it does constitute persuasive authority (*see People v Kin Kan*, 78 NY2d 54 [1991]). Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.