■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BUSH, Appellant. [935 NYS2d 73]—

The County Court properly denied that branch of the defendant's motion pursuant to CPL 440.30 (1-a) which was for the performance of forensic DNA testing on a white knit hat recovered at the scene of the crime. The hat was never an issue at the trial and the defendant's claim that testing of the hat would reveal exculpatory evidence is purely speculative (*see People v Bailey*, 291 AD2d 667, 669 [2002]; *People v Schulze*, 224 AD2d 729, 730 [1996]). Accordingly, as the County Court properly determined, the defendant failed to show that there was a reasonable probability that the verdict would have been more favorable to him had the DNA test results on the hat been admitted into evidence at trial (*see* CPL 440.30 [1-a]; *People v Fuentes*, 44 AD3d 871 [2007]; *People v Brown*, 36 AD3d 961, 961-962 [2007]; *People v Bailey*, 35 AD3d 491, 492 [2006]).

The County Court erred, however, in denying that branch of the defendant's motion which was for the performance of forensic DNA testing on previously untested fingernail scrapings of the decedent. Initial testing of scrapings from underneath three of the decedent's fingernails, and a black plastic comb found at

the crime scene, revealed the presence of male tissue. Although the defendant was excluded as the source of this tissue, the results did not provide a DNA profile that was detailed enough to conduct further testing. Testing of the previously untested fingernail scrapings could reveal a more complete genetic profile of the male contributor to the DNA sample already found in the other scrapings. In addition, such testing could reveal a genetic profile complete enough to run through a large DNA database or that could be matched to the male contributor to the DNA on the black plastic comb. Given the sample of genetic material recovered from the fingernail scrapings already tested and the sample of genetic material recovered from the black plastic comb found at the scene, the County Court should have determined that a reasonable probability existed of a more favorable verdict if further testing was conducted on the previously untested fingernail scrapings and showed that the male contributor to these two prior samples shared a common source and did not come from the defendant (*see People v West*, 41 AD3d 884, 884-885 [2007]; *see also O'Donnell v State of New York*, 26 AD3d 59, 61 [2005]; *cf. People v Fuentes*, 44 AD3d at 871; *People v Bailey*, 35 AD3d at 492).

The defendant's remaining contention is without merit. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.