# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**617**

**KA 12-00572**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SAMMY SWIFT, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

SAMMY SWIFT, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

RITA DAVE, BROOKLYN, FOR THE JEFFREY DESKOVIC FOUNDATION FOR JUSTICE, AMICUS CURIAE.

--------------------------------------------------------------------------------

Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered October 28, 2010. The order, insofar as appealed from, denied the motion of defendant for additional DNA testing pursuant to CPL 440.30 (1-a).

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order that, inter alia, denied his pro se motion pursuant to CPL 440.30 (1-a) for additional DNA testing of certain items secured in connection with his conviction of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [1]). Defendant's conviction arose from the robbery and fatal beating of a 68-year-old victim in his home by defendant and two accomplices (*People v Swift*, 241 AD2d 949, 949, *lv denied* 91 NY2d 881, *reconsideration denied* 91 NY2d 1013). On appeal, we affirmed the judgment convicting defendant of those crimes (*id.*). At trial, one of defendant's accomplices testified that, after the attack, defendant wiped blood off of his arm onto a couch cushion. A forensic scientist testified that two bloodstains on the couch cushions contained samples of the victim's blood type (type A) as well as a mixture of type A and type O, defendant's blood type (*id.* at 949).

In 2007, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 and sought DNA testing of all of the evidence collected in the murder investigation (*People v Swift*, 66 AD3d 1439, *lv denied* 13 NY3d 911, *reconsideration denied* 14 NY3d 845). Because

of advancements in DNA testing, the People consented to the testing of certain items of evidence, including the blood-stained couch cushions and the victim's pants.  The DNA test results indicated that the blood found at the crime scene was exclusively that of the victim (*id.* at 1440).  County Court vacated defendant's judgment of conviction on that ground and we reversed, concluding that "the DNA test results are not 'of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant' " (*id.*, quoting CPL 440.10 [1] [g]).

Defendant thereafter filed the motion at issue here seeking, inter alia, DNA testing of additional items of evidence, i.e., the victim's dentures, the victim's shirt, an afghan blanket, hypodermic needles, hair samples from the victim and defendant, and bloody footprints from the crime scene.  We conclude that the court properly denied that part of the motion seeking testing with respect to those items "because defendant failed to establish that there was a reasonable probability that, had those items been tested and had the results been admitted at trial, the verdict would have been more favorable to defendant" (*People v Sterling*, 37 AD3d 1158, 1158; *see People v Kaminski*, 61 AD3d 1113, 1116, *lv denied* 12 NY3d 917; *see also People v Burr*, 17 AD3d 1131, 1132, *lv denied* 5 NY3d 760, *reconsideration denied* 5 NY3d 804).  The two hypodermic needles collected from the crime scene were left by paramedics who treated the victim when he was found several days after the attack and, are therefore unrelated to the crime.  With respect to the victim's dentures, there is no evidence that the victim bit his attacker or that the victim's dentures would otherwise contain the DNA of the attacker.  As for the alleged "bloody footprints," there is no reference to crime scene footprints in the trial record or in the record before us.  There is similarly no reference in the record to hair samples being taken from the victim or defendant, or to hair being collected from the crime scene.  In any event, any hairs collected from the crime scene could have belonged to defendant, his accomplices, the victim, the victim's son who discovered his father after the attack, the paramedics or police who responded to the scene, or any number of other individuals who had been in the victim's apartment before the attack (*see People v Brown*, 36 AD3d 961, 962, *lv denied* 8 NY3d 920; *see also People v Workman*, 72 AD3d 1640, 1640, *lv denied* 15 NY3d 925, *reconsideration denied* 16 NY3d 838).  With respect to the victim's shirt and the afghan blanket in which he apparently wrapped himself after the attack, we conclude that, although such items and, indeed, much of the crime scene were stained with blood, there is nothing to suggest that the blood belonged to anyone but the victim (*see People v Figueroa*, 36 AD3d 458, 459, *lv denied* 9 NY3d 843).

Even assuming, arguendo, that the requested items were subjected to DNA testing and that such testing revealed DNA that did not belong to either the victim or defendant, we further conclude that there still would be no reasonable probability that defendant would have received a more favorable verdict had those test results been introduced at trial (*see generally People v Pitts*, 4 NY3d 303, 311, *rearg denied* 5 NY3d 783; *People v King*, 38 AD3d 1066, 1067, *lv denied*

9 NY3d 877; *Brown*, 36 AD3d at 962). The primary evidence against defendant was the eyewitness testimony of his two accomplices, which was corroborated by the testimony of the accomplices' sister and evidence that the victim's wallet was recovered on the route leading from defendant's residence to his place of employment. That testimony would not have been impeached or controverted by evidence that the DNA of another individual was discovered at the victim's apartment (*see Brown*, 36 AD3d at 962).

Entered:  July 5, 2013                                    Frances E. Cafarell
                                                          Clerk of the Court