■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [14 NYS3d 121]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Simpson, J.), dated August 26, 2013, which, in effect, denied the defendant's motion pursuant to CPL 440.30 (1-a) for DNA testing of certain evidence.

Ordered that the order is modified by adding a provision thereto denying the defendant's motion pursuant to CPL 440.30 (1-a) for DNA testing of certain evidence.

This case arises from a 1998 residential burglary in Brooklyn. After the crime, the police recovered a hat, which they vouchered as investigatory evidence. The defendant was linked to the crime almost four years later. He was tried twice, the second time in 2007, and his judgment of conviction after that trial was affirmed on appeal (*see People v Williams*, 83 AD3d 970 [2011]). In 2012, the defendant moved pursuant to CPL 440.20 to set aside his sentence. In an order issued in July 2012, the Supreme Court denied the motion. In that order, the court summarized the claims regarding the defendant's sentence, discussed them, and rejected them.

After his motion pursuant to CPL 440.20 to set aside his sentence was denied, the defendant moved pursuant to CPL 440.30 (1-a) to have the hat tested for DNA evidence. In opposition, the People contended that the defendant had not established a reasonable probability that even a favorable

result of a DNA test would have resulted in a different verdict. Further, they asserted that, in any event, the hat had been destroyed in February 2000 and was thus no longer available for testing. In the order appealed from, the Supreme Court addressed the merits of the defendant's CPL 440.20 motion to set aside his sentence. In fact, aside from the date, the order appealed from was identical to the court's July 2012 order denying the defendant's CPL 440.20 motion. That is, the order appealed from summarized the claims that the defendant had made in the CPL 440.20 motion, discussed them, and rejected them. The order made no reference to the defendant's motion pursuant to CPL 440.30 (1-a) for DNA testing. However, it appears that, under all of the circumstances, the defendant is correct that the order was intended to deny his CPL 440.30 (1-a) motion for DNA testing.

This Court has the authority to make the necessary findings on the defendant's CPL 440.30 (1-a) motion for DNA testing, and the record is sufficient for us to do so (*see People v Fleming*, 76 AD3d 582, 583 [2010]; *Matter of Robert D.*, 69 AD3d 714, 717 [2010]; *see generally People v Neely*, 219 AD2d 444 [1996]). Moreover, it would unnecessarily prolong this matter to reverse the order appealed from and remit the matter to the Supreme Court for that court to actually decide the defendant's CPL 440.30 (1-a) motion. Indeed, the matter would likely come before us again, inasmuch as the defendant would have an appeal as of right from an order denying the motion (*see* CPL 450.10 [5]). Therefore, in the interest of judicial economy, we exercise our discretion to decide the motion in the first instance.

In opposition to the defendant's motion, the People submitted testimony from the police officer who was in charge of the retention and destruction of evidence in 2000. That officer testified as to the procedures in place at that time for the handling of investigatory evidence. He also testified that on February 16, 2000, the hat was destroyed in accordance with those procedures. This evidence was sufficient to meet the People's burden of showing that the evidence sought to be tested is not available for testing (*see People v Garcia*, 65 AD3d 932, 933 [2009]; *People v Velez*, 53 AD3d 509, 509 [2008]; *cf. People v West*, 41 AD3d 884, 885 [2007]).

Accordingly, we modify the order appealed from to deny the defendant's motion pursuant to CPL 440.30 (1-a) for DNA testing of the hat. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.