# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

468

KA 14-00233

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SALVATORE LETIZIA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SALVATORE LETIZIA, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), dated November 22, 2013. The order, insofar as appealed from, denied that part of the motion of defendant for DNA testing pursuant to CPL 440.30 (1-a).

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order that, inter alia, denied that part of his pro se motion seeking, pursuant to CPL 440.30 (1-a), DNA testing of a hair found on a knife involved in an attack in connection with defendant's conviction of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant's conviction arose from the beating and stabbing of a victim in his home by defendant and an accomplice (*People v Letizia*, 159 AD2d 1010, 1011, *lv denied* 76 NY2d 738). On appeal, we affirmed the judgment convicting defendant of those crimes (*id*.). At trial, the victim testified that defendant and his accomplice, among other things, both stabbed the victim using the same knife. A forensic scientist testified that the laboratory collected a "[s]uspected hair" on a knife collected from the scene. The laboratory did not perform DNA testing on that hair.

We conclude that Supreme Court properly denied without a hearing that part of the motion seeking DNA testing of the hair. "Even assuming, arguendo, that the requested item[] w[as] subjected to DNA testing and that such testing revealed DNA that did not belong to . . . defendant, we . . . conclude that there . . . would be no reasonable probability that defendant would have received a more favorable

verdict had those test results been introduced at trial" (*People v Swift*, 108 AD3d 1060, 1061, *lv denied* 21 NY3d 1077; *see People v Kaminski*, 61 AD3d 1113, 1116, *lv denied* 12 NY3d 917; *People v Sterling*, 37 AD3d 1158, 1158; *see also People v Burr*, 17 AD3d 1131, 1132, *lv denied* 5 NY3d 760, *reconsideration denied* 5 NY3d 804).  The victim knew defendant prior to the attack, and the victim's testimony provided the primary evidence against defendant.  "That testimony would not have been impeached or controverted by evidence that the DNA of another individual was discovered" on the knife (*Swift*, 108 AD3d at 1062).

Entered:  July 8, 2016                            Frances E. Cafarell
                                                 Clerk of the Court