█ The People of the State of New York, Respondent, v Michael Robinson, Appellant. [47 NYS3d 343]—

Appeal by the defendant pursuant to CPL 450.10 (5) from an order of the Supreme Court, Queens County (Knopf, J.), dated February 18, 2014, which denied, without a hearing, his motion pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence recovered by the police.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion pursuant to CPL 440.30 (1-a) which were for forensic DNA testing of two blood samples, a bloody sweater, and fingernail scrapings of the decedent, if any, recovered by the police; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings to ascertain whether the subject DNA evidence exists and, if it does, for forensic DNA testing of that evidence.

The defendant's motion pursuant to CPL 440.30 (1-a) for forensic DNA testing was not procedurally barred by his failure to seek that relief in prior motions pursuant to CPL 440.10. "[T]here is no time limit for bringing a postconviction motion requesting the performance of forensic DNA testing. A defendant may move for DNA testing pursuant to CPL 440.30 (1-a) at any time" (*People v Pitts*, 4 NY3d 303, 311 [2005]).

Turning to the merits, "[p]ursuant to CPL 440.30 (1-a) (a), the court shall grant a defendant's application for forensic DNA testing of specified evidence 'upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant' " (*People v Bailey*, 35 AD3d 491, 492 [2006], quoting CPL 440.30 [1-a] [a] [1]; *see People v Brown*, 106 AD3d 927 [2013]; *People v Bush*, 90 AD3d 945, 945 [2011]).

Here, the defendant established that if forensic DNA testing had been conducted on two blood samples, a bloody sweater, and fingernail scrapings of the decedent, if any, recovered by the police from the crime scene, and if the results of such testing had been admitted at trial, there exists a reasonable probability that the verdict would have been more favorable to him (*see People v Bush*, 90 AD3d at 945-946; *see also People v Bolling*, 65 AD3d 1054 [2009]). However, with respect to the defendant's request for forensic DNA testing of hair and fibers, the defendant failed to demonstrate that there is a reasonable probability that the verdict would have been more favorable to him had DNA testing results of those items been admitted into

evidence (*see People v Swift*, 108 AD3d 1060, 1061 [2013]; *People v Brown*, 36 AD3d 961 [2007]).

In opposition to the motion, the People failed to come forward with evidence demonstrating the existence or nonexistence of the materials sought, and whether such materials are available for testing. "[T]he defendant does not bear the burden of showing that the specified DNA evidence exists and is available in suitable quantities to make testing feasible. To the contrary, it is the People, as the gatekeeper of the evidence, who must show what evidence exists and whether the evidence is available for testing" (*People v Pitts*, 4 NY3d at 311). "[A] conclusory assertion that the evidence no longer exists is legally insufficient" (*People v West*, 41 AD3d 884, 885 [2007]; *see People v Pitts*, 4 NY3d at 309, 312). Accordingly, we remit the matter for further proceedings to ascertain whether the subject DNA evidence exists and, if it does, for forensic DNA testing of that evidence (*see People v Pitts*, 4 NY3d at 309; *People v West*, 41 AD3d at 885; *cf. People v Williams*, 130 AD3d 949, 950 [2015]). Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.

Motion by the appellant to strike stated portions of the respondent's brief on an appeal from an order of the Supreme Court, Queens County, dated February 18, 2014, on the ground that it refers to matter dehors the record. By decision and order on motion dated August 29, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted to the extent that footnote two on page 13 of the respondent's brief is stricken and has not been considered on the determination of the appeal, and the motion is otherwise denied. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.