Appeal by the defendant pursuant to CPL 450.10 (5) from so much of an order of the Supreme Court, Queens County (Buchter, J.), dated March 3, 2014, as denied, without a hearing, that branch of his motion which was pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence.
 

 Ordered that the order is affirmed insofar as appealed from.
 

 The defendant was convicted of rape in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and unlawful possession of a loaded rifle or shotgun. Subsequently, the defendant moved, inter alia, pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence. In an order dated March 3, 2014, the Supreme Court denied that branch of the defendant’s motion.
 

 “Pursuant to CPL 440.30 (1-a) (a), the court shall grant a defendant’s application for forensic DNA testing of specified evidence ‘upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant’ ” (People v Bailey, 35 AD3d 491, 492 [2006], quoting CPL 440.30 [1-a] [a] [1]; see People v Robinson, 147 AD3d 784, 785 [2017]; People v Villafane, 129 AD3d 748 [2015]). Here, the defendant failed to show that there was a reasonable probability that the verdict would have been more favorable to him had DNA testing been performed and the results admitted at trial (see CPL 440.30 [1-a]; People v Griffin, 121 AD3d 1127 [2014]; People v Bellezza, 119 AD3d 598, 598-599 [2014]).
 

 The defendant’s remaining contentions, including those raised in his pro se supplemental brief, either are without merit, do not require reversal, or are not properly before this Court (see People v Johnson, 112 AD3d 969, 970 [2013]).
 

 Accordingly, the Supreme Court properly denied, without a hearing, that branch of the defendant’s motion which was pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence.
 

 Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.