People v Myers (2019 NY Slip Op 00468)





People v Myers


2019 NY Slip Op 00468


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-00788
 (Ind. No. 4231/96)

[*1]The People of the State of New York, respondent,
v
Kenneth Myers, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Albert Tomei, J.), entered November 19, 2015. The order denied, without a hearing, the defendant's motion pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence recovered by the police.
ORDERED that the order is affirmed.
The facts of this case were set forth in this Court's opinion and order on the defendant's direct appeal from the judgment of conviction rendered November 19, 1997 (see People v Myers, 303 AD2d 139). After a jury trial, the defendant was convicted of intentional murder (Penal Law § 125.25[1]), robbery in the first degree (Penal Law § 160.15[1]), and criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09[1]). The indictment charged the defendant with committing these crimes while acting in concert with his codefendant, Warren Hamilton.
At the trial conducted before separate juries, the defendant and Hamilton each blamed the other for the murder. A videotaped statement that the defendant made to the police was introduced into evidence at the defendant's trial. In the statement, the defendant blamcd Hamilton for the murder.
In 2015, the defendant moved pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence recovered by the police. In an order entered November 19, 2015, the Supreme Court denied the motion without a hearing, stating that "the defendant does not propose a theory under which a third party could plausibly have committed this murder." On appeal, the defendant asserts that he has "never suggested that an unknown perpetrator committed the crimes in the instant case." He claims that he has "consistently maintained" that Hamilton "was the sole perpetrator" of the murder and robbery.
The issue in this case is whether evidence that Hamilton's DNA was under the victim's fingernails and elsewhere in the victim's vehicle would satisfy the test for postconviction DNA testing in CPL 440.30(1-a), by indicating that Hamilton was the person who strangled the victim. Postconviction DNA testing is warranted upon a determination that "if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to [*2]the defendant." In this case, if testing revealed that the DNA was Hamilton's, and not the defendant's, "these results would not have created a reasonable probability of a different verdict . . . because they would still be consistent with the trial evidence and the People's trial theory as to the roles played by each perpetrator" (People v Hurdle, 56 AD3d 317; 317 [citations omitted]; see People v Brown, 36 AD3d 961; cf. People v Robinson, 147 AD3d 784; People v Bush, 90 AD3d 945).
The defendant now claims that proof that Hamilton strangled the victim would support an affirmative defense of renunciation. Penal Law § 40.10(2) provides an affirmative defense to a defendant who is charged with acting in concert, if the defendant "under circumstances manifesting a voluntary and complete renunciation of his criminal purpose . . . withdrew from participation in such offense prior to the commission thereof and made a substantial effort to prevent the commission thereof." The facts of this case directly contradict such a defense, since the defendant was arrested by the police at the scene of the crime while he was examining the contents of the trunk of the victim's vehicle.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court