People v Robinson (2023 NY Slip Op 01533)

People v Robinson

2023 NY Slip Op 01533

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-05018
 (Ind. No. 248/93)

[*1]The People of the State of New York, respondent,
v
Michael Robinson, appellant.

Twyla Carter, New York, NY (Harold V. Ferguson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and William H. Branigan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Stephen A. Knopf, J.), dated June 10, 2021. The order, after a hearing, denied the defendant's motion pursuant to CPL 440.10(1)(g-1) to vacate a judgment of the same court (Stanley Katz, J.) rendered April 6, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is reversed, on the law, on the facts, and as a matter of discretion in the interest of justice, the defendant's motion pursuant to CPL 440.10(1)(g-1) to vacate the judgment is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the count of the indictment charging the defendant with murder in the second degree.
In 1993, the defendant was charged, inter alia, with murder in the second degree based upon an incident in which the defendant's wife, Gwendolyn Samuels, from whom he was separated, was fatally stabbed inside the home of Elvina Marchon. At trial, the People presented testimony from Marchon, the only eyewitness to the incident, who had identified the defendant as the assailant prior to trial. The defendant was convicted of murder in the second degree and sentence was imposed. The judgment of conviction was affirmed by this Court (see People v Robinson, 242 AD2d 745).
In 2013, the defendant moved pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence recovered by the police (see People v Robinson, 147 AD3d 784, 785). The Supreme Court denied the motion, and this Court modified so as to grant that branch of the motion, among others, which sought forensic DNA testing of fingernail scrapings of the decedent (see id. at 785). This Court concluded that the defendant had established that "if forensic DNA testing had been conducted on . . . fingernail scrapings of the decedent, if any, recovered by the police from the crime scene, and if the results of such testing had been admitted at trial, there exist[ed] a reasonable probability that the verdict would have been more favorable to him" (id.; see CPL 440.30[1-a]).
Upon remittitur, such fingernail scrapings were obtained and tested. It is undisputed that male DNA was recovered from the fingernail scrapings, and that the defendant was not the source of the male DNA. Based upon this DNA evidence, the defendant moved pursuant to CPL 440.10(1)(g-1) to vacate the judgment of conviction. After a hearing, the Supreme Court denied the motion. The defendant appeals by permission.
Pursuant to CPL 440.10(1)(g-1)(2), in the case of a defendant convicted after a trial, the court may vacate the judgment of conviction when forensic DNA testing is performed after the entry of the judgment, and "the court has determined that there exists a reasonable probability that the verdict would have been more favorable to the defendant" in light of that evidence. "While a defendant needs to show more than a mere possibility that the verdict would have been more favorable to him, he does not have to establish a virtual certainty that there would have been no conviction without the DNA evidence" (People v Hicks, 114 AD3d 599, 602 [citations omitted]).
Here, the defense theory at trial was one of mistaken identity. The defendant posited that the perpetrator was actually Samuels's boyfriend, Jermaine Robinson. No physical evidence linked the defendant to the crime. The only identity evidence offered by the People at trial was the testimony of a single eyewitness, Marchon, who was 88 years old at the time of the incident and suffered from significantly impaired vision. Marchon's description to the police of the perpetrator's appearance was not conclusive and was, in part, more consistent with Jermaine Robinson's appearance. Under the facts of the case, it would not have been unreasonable to conclude that Marchon confused Samuels's estranged husband with her current boyfriend in making her identification to the police. Marchon also was not able to conclusively identify the defendant at trial. Moreover, various members of the defendant's family provided alibi evidence for his whereabouts on the day of the attack. Finally, two Allen charges (see Allen v United States, 164 US 492) were required before the jury was able to reach a verdict.
Under all of these circumstances, while not a "virtual certainty," there existed a reasonable probability that the verdict would have been more favorable to the defendant had the DNA evidence been admitted at trial (People v Hicks, 114 AD3d at 602; see also People v Robinson, 147 AD3d at 785).
Accordingly, we grant the defendant's motion pursuant to CPL 440.10(1)(g-1) to vacate the judgment convicting him of murder in the second degree, vacate the judgment, and remit the matter to the Supreme Court, Queens County, for a new trial on that count of the indictment.
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court