■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BROWN, Appellant. [601 NYS2d 296] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered April 19, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's arguments on appeal are without merit. His claim that he was deprived of a meaningful opportunity to reconstruct the torn glassine envelope is refuted by the record showing that the trial court reconsidered its initial ruling, and

then gave defendant's attorney an opportunity to inspect the envelope. Defendant thereafter made no claim that his concerns were not entirely satisfied by the court's final ruling. Hence, the point has not been preserved for appellate review. In so ruling, we would note, however, our disapproval of the doubtless inadvertent post-conviction destruction of this evidentiary exhibit by the People while the appeal was pending in this Court. "The People have a duty to prevent the destruction of evidence until all appeals have been exhausted" *(People v Watkins,* 189 AD2d 623, 624, *lv denied* 81 NY2d 978). It is simply fortuitous, in this case, that the destruction herein works no prejudice to defendant.

The prosecutor's comments during summation that may have implicated defendant's right not to testify were responsive to trial counsel's summation *(People v McIntyre,* 177 AD2d 255, *lv denied* 79 NY2d 950), and the jury is presumed to have followed the court's instruction not to draw an unfavorable inference from the fact that defendant did not testify. Similarly, in the circumstances presented, the court's instruction that the jury was not to consider any fact not in evidence eliminated any prejudice that might have been caused by the prosecutor's brief comments on negative identification. Concur —Wallach, J. P., Kupferman, Ross and Kassal, JJ.