■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD LEE, Appellant. [614 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered August 14, 1992, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of February 12, 1992, the complainant, a salesman, was returning to his car after a sales call. As the complainant was loading two briefcases containing samples and brochures into his car, he was approached by the defendant and a second, unidentified man. The defendant's companion displayed a gun, and both men ordered the complainant not to move while they searched his pockets for money. The two men then took the complainant's car keys and fled in his vehicle. Three days later, the stolen vehicle, which was being operated by the defendant, was stopped by the police, and both the defendant and a passenger in the vehicle were arrested. Later that evening, the complainant viewed two separate lineups and identified the defendant in the second lineup as one of the men who had robbed him. However, no identification was made in the first lineup, which involved the passenger arrested with the defendant.

During the course of his testimony at trial, the complainant volunteered the fact that he had not identified anyone from the first lineup. The defense objected to any reference to this negative identification testimony, and the court sustained the objection and instructed the jury to disregard any testimony regarding the first lineup.

On appeal, the defendant contends that he was denied his right to a fair trial because on summation, the prosecutor commented that the identification of the defendant "was the only identification" made by the complainant on the night the stolen vehicle was recovered. We disagree. While it was improper for the prosecutor to comment on testimony which the jury had previously been instructed to disregard, the court sustained an objection to the comment and gave a curative instruction which was sufficient to eliminate any prejudice that might have been caused by the brief reference to negative identification testimony (see, People v Brown, 196 AD2d 465). In any event, any error was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

We have examined the defendant's remaining contention, and find it to be without merit. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.