■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARNWELL, Appellant. [844 NYS2d 758]—

Appeal from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered July 26, 2005. The order denied defendant's motion pursuant to CPL 440.30 (1-a) for postconviction DNA testing of certain evidence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Supreme Court properly denied the motion of defendant pursuant to CPL 440.30 (1-a) for DNA testing of certain evidence secured in connection with his 1987 trial. Contrary to defendant's contention, the People met their burden of establishing that no such evidence is available for testing (*see People v King*, 38 AD3d 1066, 1067 [2007], *lv denied* 9 NY3d 877 [2007]; *People v Keene*, 10 Misc 3d 881, 888 [2005]; *see generally People v Pitts*, 4 NY3d 303, 311-312 [2005], *rearg denied* 5 NY3d 783 [2005]). Contrary to defendant's further contention, there is no basis for imposing sanctions on the People based on the unavailability of the evidence. "[T]he People have an obligation to preserve evidence 'until all appeals have been exhausted' " (*People v Hernandez*, 25 AD3d 566, 567 [2006], *lv denied* 6 NY3d 848 [2006], quoting *People v Brown*, 196 AD2d 465, 466 [1993], *lv denied* 82 NY2d 804 [1993]), and the instant motion was made more than 10 years after all of defendant's appeals had been exhausted. Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. RIOS, Appellant. [845 NYS2d 210]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered August 2, 2004. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.