People v Williams (2021 NY Slip Op 03814)





People v Williams


2021 NY Slip Op 03814


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Renwick, J.P., Kern, Singh, Moulton, JJ. 


Ind No. 110/14 Appeal No. 14066 Case No. 2015-02298 

[*1]The People of the State of New York, Respondent,
v
Matthew Williams, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered June 23, 2015, as amended July 17, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and possession of burglar's tools, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Evidence properly credited by the court established a properly conducted inventory search of defendant's backpack, and that "the primary objectives of the search were to preserve the property . . . and to protect police from a claim of lost property" (People v Lee, 29 NY3d 1119, 1120 [2017]).
Defendant's challenge to the prosecutor's summation is unpreserved (see People v Tevaha, 84 NY2d 879, 881 [1994]), and defendant's arguments on the subject of preservation are unavailing. We decline to review this claim in the interest of justice. As an alternative holding, we find no basis for reversal (see People v D'Alessandro, 184 AD2d 114, 118-19 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The prosecutor's sole comment during summation that may have implicated defendant's right not to testify was "responsive to trial counsel's summation" (People v Brown, 196 AD2d 465, 466 [1st Dept 1993], lv denied 82 NY2d 804 [1993]). Any prejudice was minimized by the court's instruction not to draw an unfavorable inference from the fact that defendant did not testify, which the jury is presumed to have followed" (People v Rosado, 29 AD3d 430, 431 [1st Dept 2006], lv denied 7 NY3d 794 [2006]).
Defendant's challenge to the court's jury charge on the elements of third-degree criminal possession of a weapon is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that notwithstanding an isolated error in the wording of one portion of the charge, the charge as a whole conveyed the proper standards.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2021