■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. FOURNIER, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 6, 1985, convicting defendant upon his plea of guilty of the crime of arson in the third degree.

Recognizing that this appeal does not lie as of right (CPL 450.10 [2]), defendant requests that his notice of appeal be treated as an application for permission to appeal. We grant the application and reach the merits of defendant's claim that his sentence is harsh and excessive.

In a seven-count indictment, defendant was charged with various crimes arising out of a break-in at the Mall Airways building at the Albany County Airport during the early morning hours of September 9, 1984. The most serious of the crimes charged in the indictment was arson in the third degree, a class C felony, to which defendant entered a guilty plea in satisfaction of all charges. The court imposed a prison sentence of 5 to 15 years.

We reject defendant's challenge to the imposition of a 15-year maximum term, the maximum allowable for a class C felony (Penal Law § 70.00 [2] [c]). In imposing sentence, the trial court discussed such factors as deterrence, the possibility that the fire could have spread to other buildings, thereby endangering human life, the damage caused by the fire, and the danger to the fire fighters who responded to the fire. While it is likely that these factors would be present in many cases of arson in the third degree, we cannot say that the court abused its discretion in imposing a 15-year maximum term.

The court further imposed a 5-year minimum term "by reason of the nature of the offense and the nature of the offender". Our review of the record reveals nothing extraordinary or unusually heinous about the offense. Similarly, we find nothing about defendant's character and history which would support the imposition of a 5-year minimum, the maximum allowable by law (Penal Law § 70.00 [3] [b]). Defendant

was only 17 years old at the time of the instant offense; his legal history consists of two juvenile matters which apparently were not significant enough to warrant any formal supervision. Although defendant dropped out of high school, he was enrolled in a program to obtain a graduate equivalency degree at the time of this offense. In these circumstances, we think a minimum period of 2½ years to be more appropriate.

Judgment modified, as a matter of discretion in the interests of justice, by reducing the minimum period of imprisonment from 5 years to 2½ years, and, as so modified, affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.