■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT SANCHEZ, Appellant. [624 NYS2d 803] —Order, Supreme Court, Bronx County (Elbert Hinkson, J.), entered on or about January 31, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment rendered June 24, 1985, convicting him, after a jury trial, of rape in the first degree, and sentencing him, as a second felony offender, to a term of 11 to 22 years, unanimously affirmed.

The motion court correctly determined that there were

sufficient facts in the record for defendant to have raised on appeal all of the issues now raised in his CPL 440.10 motion (CPL 440.10 [2] [c]; *see, People v Saldana,* 161 AD2d 441, 442, *lv denied* 76 NY2d 944). Indeed, defendant cites to the trial transcript in support of his ineffective assistance of counsel claim. Contrary to defendant's claim, the record reveals that defendant did receive the effective assistance of counsel. Defendant's claim of a *Brady* violation *(Brady v Maryland,* 373 US 83) is without merit because the item which defendant contends had not been produced was admitted into evidence after inspection and without objection by defense counsel.

Defendant's argument that there occurred a *Rosario* violation due to the People's failure to provide two police reports and the 911 tape is without merit. The record, and defendant's affidavit, unsupported by any other evidence, demonstrate that "there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]). Furthermore, this claim should have been raised during defendant's first unsuccessful CPL 440.10 motion (CPL 440.10 [3] [c]). Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.