■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DE OLIVEIRA, JR., Appellant. [636 NYS2d 441] —Yesawich Jr., J. Appeal, by permission, from an order of the County Court of Tioga County (Sgueglia, J.), entered November 18, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree, after a hearing.

In 1984, defendant was convicted of murder in the second degree (*see*, Penal Law § 125.25 [1]) for the intentional strangulation of his wife (hereinafter decedent), which occurred on the morning of September 10, 1983; he was sentenced to serve 25 years to life in prison. Defendant appealed the conviction on a number of grounds, and this Court affirmed (116 AD2d 770, *lv denied* 67 NY2d 882). The facts underlying the conviction are fully set forth in our previous memorandum.

In 1987, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, arguing that he was refused the right to appear before the Grand Jury and did not receive effective assistance of counsel. County Court rejected these arguments and permission to appeal was denied. Thereafter, in September 1991, defendant sought discovery of certain physical evidence, including vaginal smears and swabs, hairs and decedent's underwear, in preparation for a second CPL 440.10 motion; he maintained that if DNA testing were to show that decedent had sexual intercourse with another man prior to her death, this would prove that defendant was not the murderer. The motion was denied, as was defendant's subsequent request for permission to appeal.

Defendant has again moved to vacate the judgment of conviction, this time contending, *inter alia*, that DNA testing should be ordered, pursuant to CPL 440.30 (1-a), because it could result in the discovery of material evidence demonstrating his innocence, and that his due process and equal protection rights were violated by the prosecution's failure to disclose material and exculpatory evidence, which was only recently discovered by defendant's current counsel. This motion was denied by County Court on the ground that all of the issues raised therein had been previously decided. Defendant now appeals by permission.

A few of defendant's arguments merit comment. With respect to his request for DNA testing, defendant's contention that his discovery motion was denied because of an erroneous finding that the evidence was no longer available is belied by the record. Indeed, County Court explicitly found that such testing, even if it were to exclude defendant as the depositor of the semen, would not be probative in this case, and we agree. The evidence established that decedent left defendant's presence at approximately 1:00 A.M. on the morning that she met her death, and that she drove by her boyfriend's apartment at 4:00 A.M., apparently looking for a sexual liaison, and was rebuffed. It is the People's theory that she was killed shortly thereafter, at about 5:00 A.M. Defendant reasons that there would not have been sufficient time for her to have had sexual relations with another person after leaving her paramour and then been strangled by defendant, as the prosecution contends. This argument is flawed, however, for even if the testing were to reveal the presence of semen from another man, it could not be determined when that semen was deposited: after 4:00 A.M., as defendant asserts; earlier that morning (during the period from 1:00 A.M. to 4:00 A.M., when decedent's whereabouts were

unknown); or, as observed by defendant's expert, perhaps even days before her death.

Moreover, it is undisputed that decedent was sexually active at about the time of her murder, there was no evidence that the killing was part of a sexual encounter and, importantly, there was no critical testimony that could be seriously impeached by the test results. Under these circumstances, County Court did not err in finding it improbable that the results of DNA testing would have any effect on the verdict, were a new trial to be held (compare, Matter of Washpon v New York State Dist. Attorney, 164 Misc 2d 991, 997; Matter of Dabbs v Vergari, 149 Misc 2d 844, 848-849; cf., Yorke v State, 315 Md 578, 589-590, 556 A2d 230, 235-236).

Nor is there force to defendant's assertion, which does not appear to have been raised earlier, that he was prejudiced by the prosecutor's failure to provide his trial attorney with copies of certain notes taken by an investigator present at the decedent's autopsy. The People concede that these notes are material that should have been turned over pursuant to CPL 240.45 (1) (a) (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866) and, for the sake of argument, we have assumed that defendant has demonstrated that they were not made available to his trial counsel.* On a postconviction motion, however, the inquiry does not end there; to prevail, the defendant must show that the failure to disclose prejudiced his case (see, People v Jackson, 78 NY2d 638, 641).

To this end, defendant suggests that the notes, which indicate the pathologist's conclusion that the time of death was "not more than 24 hours" before the body was discovered at 3:30 P.M. on Sunday, could have been used to refute the pathologist's trial testimony that death occurred between 24 and 35 hours before the body was placed into cold storage (five hours after it was found). Given the thoroughness and vigor of defense counsel's cross-examination of the pathologist, however—as a result of which he was able to substantially discredit the doctor's testimony as to time of death—and the other evidence, obviously credited by the jury (see, People v De Oliveira, 116 AD2d 770, 773, supra), placing defendant at 5:00 A.M. on Saturday in the vicinity where the car was later

---

* His showing in this regard is considerably less than conclusive, for it consists, essentially, of an averment that no reference to the notes was found in the trial attorney's file; on the other hand, that attorney states only that he does not recall the pertinent events.

discovered, we find it highly unlikely that the availability of the notes would have made any difference in the verdict.

Defendant also urges that a new trial should be conducted because two of the prosecution's police witnesses have since been indicted or convicted of perjury or evidence tampering in unrelated matters. While this, too, is a new argument, it must also be rejected, for there is no claim that any evidence was fabricated in this case, nor did the People's case rest in any significant way on the testimony provided by the investigators in question (*see, People v Vann*, 216 AD2d 599, 603).

The remainder of defendant's arguments are unavailing, for as County Court determined, they relate to matters that either were, or could have been, raised on his direct appeal or in the context of his original CPL 440.10 motion (*see, People v Glinton*, 74 NY2d 779, 780; *People v Sanchez*, 212 AD2d 487, 488, *lv denied* 85 NY2d 980; *People v Rossney*, 186 AD2d 926, *lv denied* 81 NY2d 794).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed.