■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER REID, Appellant. [790 NYS2d 125]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 13, 2003, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and resisting arrest, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.

The court properly refused to charge temporary lawful possession of a weapon since there was no reasonable view of the evidence, viewed most favorably to defendant, that he acquired the weapon by disarming someone or by any other lawful means, or that he intended to dispose of it in a lawful manner (*see People v Banks*, 76 NY2d 799, 801 [1990]; *People v Snyder*, 73

NY2d 900, 902 [1989]). Defendant's behavior during his encounter with the police was incompatible with temporary lawful possession, and his statements to the police were too vague to support such a defense.

Although the testimony provided by defendant's parole officer, which unnecessarily revealed to the jury that defendant was a convicted felon, was more prejudicial than probative, we conclude that any error in this regard was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

By demanding to be removed from the courtroom immediately after the announcement of the jury's verdict, defendant waived his right to be present for the polling of the jury (*see People v Epps*, 37 NY2d 343 [1975], *cert denied* 423 US 999 [1975]; *People v Myers*, 215 AD2d 595 [1995], *lv denied* 86 NY2d 799 [1995]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.