■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. VAN NESS, Appellant. [840 NYS2d 250]—

Peters, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 27, 2006, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the second degree, criminal sexual act in the first degree, criminal sexual act in the second degree, sexual abuse in the first degree, endangering the welfare of a child and unlawfully dealing with a child.

The 13-year-old victim lived with her mother and defendant, the mother's paramour. On November 30, 2004, the victim

returned home after missing her school bus. Later that morning, defendant began drinking beer, ordering the victim to do the same. Feeling nauseated, she went to the bathroom, vomited and attempted to take a bath. According to the victim, she awoke when defendant pulled her out of the bathtub, threw her on the bed and brutally raped her, threatening further physical injury if she resisted. She claimed that he repeatedly said her name during the attack and promised to stop if she performed oral sex on him. Although she complied, the attack continued while the victim kicked, screamed and bit defendant on his arm.

After the attack, the victim dressed and went to a neighbor's home. The incident was reported to the police who obtained a written statement from her. She was thereafter transported to the hospital where she was examined by a sexual assault nurse. She was found to have a blood alcohol level of .06, as well as fresh bruising on her arms, shoulders and upper torso. A DNA analysis determined that the seminal fluid obtained matched that of defendant. The victim informed a police investigator that she bit defendant's upper left arm while resisting his actions, and the police later discovered a fresh bite mark in that area on defendant. Following a jury trial, defendant was convicted of all charges and sentenced, as a second violent felony offender, to an aggregate term of 36 years in prison. He appeals and we affirm.

Defendant's assertion that certain counts of the indictment were rendered duplicitous as a result of the victim's testimony was not properly preserved (*see People v Weber*, 25 AD3d 919, 922 [2006], *lv denied* 6 NY3d 839 [2006]; *see also People v Bruce A.*, 141 AD2d 736, 737 [1988], *lv denied* 72 NY2d 954 [1988]). Considering the underlying circumstances, we decline to exercise our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Wright*, 22 AD3d 873, 875 [2005], *lvs denied* 6 NY3d 755, 761 [2005]).

As to defendant's claim that the People improperly bolstered the victim's testimony through the use of her prior consistent statements, we recognize that this practice is typically not permitted (*see People v Seit*, 86 NY2d 92, 95 [1995]; *People v McDaniel*, 81 NY2d 10, 16 [1993]). However, where, as here, a party opens the door by using only part of the prior statement on cross-examination, the remaining portions may be introduced on redirect to clarify, explain or fully explore the statement (*see People v Melendez*, 55 NY2d 445, 451-452 [1982]; *People v Torre*, 42 NY2d 1036, 1037 [1977]; *People v Baker*, 287 AD2d 879, 879-880 [2001], *lv denied* 97 NY2d 727 [2002]). In an attempt to elicit inconsistencies in the victim's trial testimony, defendant

cross-examined Timothy Brown, a deputy sheriff, concerning certain oral statements made by the victim which were memorialized in her written statement. Brown acknowledged that the victim stated that she decided to take a shower when defendant grabbed her and threw her on the bed. This contradicted her testimony at trial that she was passed out while attempting to take a bath. On redirect, the People were permitted, over objection, to question Brown as to other portions of her written statement which were mostly consistent with her trial testimony. County Court reasoned that "[i]n light of the nature of the cross-examination," defense counsel opened the door to such questioning. By questioning Brown as to the inconsistent portions of the written statement—the contents of which had not been mentioned on direct examination—the defense created an inference that the victim's written statement was riddled with inconsistencies. Hence, "[s]ince defendant, during cross-examination of a prosecution witness, elicited evidence clearly inadmissible on direct examination, [we agree that] County Court properly exercised its discretion to allow the People to . . . fully explore the material raised by defendant" (*People v Mullings [Tony]*, 23 AD3d 756, 759 [2005], *lvs denied* 6 NY3d 756, 759 [2005]; *see People v Litzenberger*, 234 AD2d 947, 948 [1996]). Were we to find error, it would have been harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Rivenburgh*, 1 AD3d 696, 700 [2003], *lv denied* 1 NY3d 579 [2003]) and the fact that there was no significant possibility of an acquittal had the bolstering testimony not been admitted (*see People v Johnson*, 57 NY2d 969, 970 [1982]; *People v Crimmins, supra* at 242).

Defendant's ineffective assistance of counsel claim is similarly without merit. While challenging, among other things, counsel's failure to pursue an intoxication defense, defendant has "failed to show the absence of a strategic or other legitimate explanation for what he contends was counsel's failure" (*People v Carralero*, 9 AD3d 790, 792 [2004], *lv denied* 4 NY3d 742 [2004]; *see People v Garcia*, 75 NY2d 973, 974 [1990]). Due to a paucity of evidence that defendant exhibited significant signs of intoxication or that his mental state was affected by alcohol (*see People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Park*, 12 AD3d 942, 943 [2004]), we find no error. Moreover, such a charge would have been inconsistent with the predominant theory proffered by the defense that the rape did not occur or that the acts were consensual. Consistent with this theory, defense counsel artfully attacked the credibility of the People's witnesses as well as the victim's veracity; a losing trial tactic or strategy will not

render assistance ineffective (*see People v Thomas*, 33 AD3d 1053, 1055 [2006], *lv denied* 8 NY3d 885 [2007]; *People v Jackson*, 25 AD3d 1012, 1015 [2006], *lv denied* 6 NY3d 849 [2006]). Moreover, despite defendant's obstreperous conduct, counsel vigorously advocated on his behalf, successfully precluding the use of defendant's prior convictions, effectively cross-examining the People's witnesses, raising appropriate objections and making strategic pretrial and posttrial motions. Viewing the evidence, the law and the circumstances of the case in totality and as of the time of representation, we find that defendant was provided with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Mabry*, 27 AD3d 835, 837 [2006]).

Having reviewed and rejected defendant's remaining contentions, including his assertion that the police and medical professionals provided perjured testimony and otherwise committed misconduct, we affirm.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.