■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DICKSON, Appellant. [872 NYS2d 216]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 26, 2007, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and assault in the second degree.

Defendant was charged with stabbing the victim—with whom he has one child—in her home in the City of Albany. After being convicted by jury verdict of criminal possession of a weapon in the third degree and assault in the second degree, defendant was sentenced to concurrent prison terms of 2¹/₂ to 5 years and six years, respectively, to be followed by three years of postrelease supervision. Defendant's appeal is based upon his claims that County Court improperly charged the jury as to the defense of justification and committed reversible error by refusing to instruct it on the law regarding the temporary and lawful possession of a weapon. Defendant also claims that the prosecutor repeatedly made improper comments during summation that deprived him of a fair trial. Because we find that none of these claims has merit, we affirm.

Where a defendant has been charged with the illegal possession of a weapon, the trial court is obligated to instruct the jury that it must acquit the defendant if the evidence at trial establishes that the defendant had "a legal excuse for having the weapon in his [or her] possession" and that "once possession ha[d] been obtained, the weapon ha[d] not been used in a dangerous manner" (*People v Williams*, 50 NY2d 1043, 1045 [1980]; *see People v Banks*, 76 NY2d 799, 799 [1990]). Here, according to defendant, he only came into contact with the knife that injured the victim after she had threatened him with it. Defendant testified that, during the ensuing struggle, he grabbed for the knife and, as a result, sustained a cut on his hand. If believed, such testimony would not support a finding that defendant ever possessed the weapon and would not require that an instruction be given to the jury on the law of innocent possession.

While the victim's account as to what transpired was dramati-

cally different from that given by defendant, it too does not present a view of the evidence that would support the submission of such an instruction to the jury. The victim claimed that she was asleep when defendant, who did not live in her home, came into her bedroom and woke her. When she rebuffed his sexual advances, a struggle ensued during which defendant repeatedly assaulted her. As the attack ended, the victim realized that she had sustained stab wounds to her arm and side and that defendant was armed with a knife. The victim was later transported to a local hospital where she was treated for her injuries. Simply stated, neither version of the events leading up to the victim being wounded with a knife would support the conclusion that defendant's possession was either temporary or innocent (*see People v Snyder*, 73 NY2d 900, 901 [1989]; *People v Almodovar*, 62 NY2d 126, 129 [1984]; *People v Hayes*, 51 AD3d 688, 688 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Reid*, 16 AD3d 130, 130 [2005], *lv denied* 4 NY3d 890 [2005]).

Similarly, we find no merit to defendant's claim that County Court erred in its instruction concerning the justification defense. In that regard, County Court charged the jury that an issue existed that it had to resolve as to "whether the defendant did reasonably believe that the deadly physical force he used was necessary to defend himself from what he reasonably believed to be the use or imminent use of such force by [the victim]." Defendant contends that County Court erred in not fully marshaling all of the evidence introduced at trial that was relevant to this issue and that specific reference should have been made to testimony detailing the victim's alleged use of drugs on the evening before her encounter with defendant, as well as her prior history of violent conduct. While the court did not marshal all of the evidence introduced at trial that was relevant to this issue, its charge, as given, was sufficient to allow "the jury . . . [to] gather from its language the correct rules which should be applied in arriving at [a] decision" (*People v Russell*, 266 NY 147, 153 [1934]; *see People v Umali*, 10 NY3d 417, 421 [2008]; *People v Kilgore*, 254 AD2d 635, 637 [1998], *lv denied* 93 NY2d 875 [1999]).

Finally, we are unpersuaded by defendant's claim that the prosecutor's summation was grossly improper and deprived him of due process. The statements made by the prosecutor, when viewed in their proper context, represented fair comment on the evidence (*see People v Porlier*, 55 AD3d 1059, 1062 [2008]) and did not constitute a "flagrant and pervasive pattern of prosecutorial misconduct" (*People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]).

Peters, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.