Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered February 22, 2010, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the verdict was repugnant because the jury found him guilty of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) while acquitting him of murder in the second degree under Penal Law § 125.25 (1) is unpreserved for appellate review, as he failed to raise this issue before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Tharpe, 92 AD3d 701, 702 [2012]). In any event, viewing the elements of the offenses as charged to the jury (see People v Tucker, 55 NY2d 1, 7 [1981]), the acquittal on the count of murder in the second degree did not negate any of the elements of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) (see People v Brown, 38 AD3d 676, 677 [2007]; People v Gatling, 222 AD2d 606, 606 [1995]).
The defendant’s contention that the evidence was legally insufficient to support his convictions of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) and (3) is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]; People v Hewitt, 82 AD3d 1119, 1121 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of both counts of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The record does not support the defendant’s contention that he was deprived of the effective assistance of counsel under the United States and New York Constitutions (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). Contrary to the defendant’s contention, defense counsel’s failure to request that the County Court charge the jury that temporary *695 and lawful possession of a firearm was a defense to criminal possession of a weapon in the second degree did not constitute ineffective assistance of counsel under the particular facts of this case. Viewing the evidence in the light most favorable to the defendant (see People v Steele, 26 NY2d 526, 529 [1970]), there was no reasonable view of the evidence under which such a charge was warranted (see People v Dickson, 58 AD3d 1016, 1017-1018 [2009]). Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.