Garry, J.
Appeal from an order of the County Court of Albany County (Breslin, J.), entered May 9, 2011, which denied defendant’s motion pursuant to, among other things, CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.
In 2006, defendant was charged with stabbing the victim in *990 her home in the City of Albany. Following a jury trial in which defendant presented defenses of justification and self-defense, he was convicted of criminal possession of a weapon in the third degree and assault in the second degree and was sentenced to an aggregate prison term of six years with three years of post-release supervision. The judgment of conviction was affirmed on appeal (58 AD3d 1016 [2009], lv denied 12 NY3d 852 [2009]). In March 2011, defendant moved to vacate the judgment, seeking, as pertinent here, DNA testing of a knife blade and a T-shirt pursuant to CPL 440.10 and 440.30 (1-a). County Court denied the motion, and defendant appeals.
The evidence introduced during defendant’s trial included the handle and blade of the knife used during the stabbing, which became separated during the altercation, and a T-shirt worn by the victim with a puncture hole surrounded by blood stains. The handle and cotton swabs of blood from the blade were submitted for pretrial DNA testing, which revealed that DNA gathered from the swabs of the blade matched that of the victim, while DNA gathered from swabs of the handle was consistent with DNA from defendant and at least one additional donor. The victim could not be excluded as a contributor to the DNA found on the handle. Defendant contends that a more favorable verdict would have resulted if the T-shirt and the blade itself had been submitted for DNA testing, as the presence of his blood from a laceration sustained during the altercation would have supported his claim that the victim was the initial aggressor.
Even if defendant had demonstrated that these items were newly discovered evidence,* to prevail he must demonstrate that there is a reasonable probability that the verdict would have been more favorable to him if the testing he seeks had been conducted (see CPL 440.30 [1-a] [a]; People v West, 41 AD3d 884, 884 [2007]; People v King, 38 AD3d 1066, 1067 [2007], lv denied 9 NY3d 877 [2007]). Here, defendant’s claim that the presence of his DNA on the blade or T-shirt would prove that the victim was the aggressor is wholly unsupported, as he could not show that DNA testing would reveal the sequence of events during the incident (see People v De Oliveira, 223 AD2d 766, 767-768 [1996], lv denied 88 NY2d 1020 [1996]). Indeed, the presence of defendant’s DNA on these items would have been consistent with the trial testimony of defendant and *991 the victim—who offered contradictory descriptions of a physical struggle involving the knife, and in which defendant asserted that his hand was lacerated—and thus would have added little to the evidence already before the jury (58 AD3d at 1017-1018; see People v Kaminski, 61 AD3d 1113, 1115 [2009], lv denied 12 NY3d 917 [2009]; People v Hurdle, 56 AD3d 317, 317 [2008], lv denied 12 NY3d 784 [2009]). Further, defendant has revealed no error in the testing method. He did not show that the use of a swab to gather DNA evidence from the knife blade was somehow unreliable, nor that it was even feasible to conduct DNA testing directly upon the blade. Notably, the DNA test report reveals that swabs were used to test the knife handle—in the same apparent fashion as the testing of the blade—although the handle itself was provided to the laboratory. Accordingly, the motion was properly denied.
Mercure, J.P., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed.

 At the time of defendant’s motion in March 2011, he was required to make this showing (see CPL 440.10 [1] [g]; People v Pugh, 288 AD2d 634, 634 [2001]); the statutory amendments eliminating this requirement took effect in October 2012 (see CPL 440.10 [1] [g-1]).