*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   August 25, 2016                    107026
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,
        v                                    MEMORANDUM AND ORDER

IVAN RAMOS,
                         Appellant.
_____

Calendar Date:   August 18, 2016

Before:  Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

        Barry J. Jones, Hudson Falls, for appellant.

        James E. Conboy, District Attorney, Fonda (Kelli P. McCoski
of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the County Court of Montgomery
County (Catena, J.), entered September 3, 2014, which denied
defendant's motion pursuant to CPL 440.30 (1-a).

        Defendant was convicted following a jury trial of two
counts of murder in the first degree and criminal possession of a
weapon in the third degree in connection with the fatal stabbing
of a man and a woman inside a Montgomery County apartment (133
AD3d 904 [2015], lvs denied 26 NY3d 1143, 1149 [2016]).  He was
sentenced as a second felony offender to an aggregate term of
life in prison without the possibility of parole (id. at 905) and
his conviction was later affirmed by this Court (id. at 909).
While his appeal was pending, defendant made a pro se motion
pursuant to CPL 440.30 (1-a) to obtain expert testimony

concerning the DNA, footprint and fingerprint evidence that had been presented to the jury at trial or, alternatively, for an evidentiary hearing. In support of his motion, he maintained that his trial counsel was ineffective in failing to retain an expert to contest such evidence and to further develop the record in this regard. The People opposed the motion and County Court denied it without hearing. Defendant now appeals.

CPL 440.30 (1-a) (a) (1) provides that a defendant may bring a postconviction motion requesting forensic DNA testing of "specified evidence." The statute further provides that "the court shall grant the application for forensic DNA testing of such evidence upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant" (CPL 440.30 [1-a] [a] [1]). As the Court of Appeals has recognized, CPL 440.30 (1-a) was enacted to establish a new procedure for defendants to secure DNA testing of specified evidence (see People v Pitts, 4 NY3d 303, 309-310 [2005]).

Defendant here has not requested DNA testing of any evidence, and instead seeks to have expert testimony adduced for the purpose of challenging the accuracy of scientific evidence that was actually presented at trial. Inasmuch as CPL 440.30 (1-a) does not address requests for expert testimony, the provision is inapplicable to defendant's request. Even if the statute applied to the situation presented, defendant's pro se motion contains only general and conclusory assertions regarding the sufficiency of the scientific evidence presented, the possibility that expert testimony would have aided his defense and the overall effectiveness of trial counsel. Thus, defendant has not established that "there exists a reasonable probability that the verdict would have been more favorable to" him if he were permitted to present the requested expert testimony, and his motion was properly denied without a hearing (CPL 440.30 [1-a] [a] [1]; see People v Dickson, 103 AD3d 989, 990 [2013], lv denied 21 NY3d 1003 [2013]; see also People v Card, 115 AD3d 1007, 1009 [2014], lv denied 23 NY3d 961 [2014]).

Garry, J.P., Egan Jr., Mulvey and Aarons, JJ., concur.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court