*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 5, 2017        107632
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                Respondent,

       v                           MEMORANDUM AND ORDER

MARK BLOND JR.,
                Appellant.
_____

Calendar Date: November 18, 2016

Before: Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

      G. Scott Walling, Schenectady, for appellant.

      Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.

_____

Devine, J.

      Appeal from an order of the County Court of Schenectady County (Loyola, J.), entered April 15, 2015, which denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.

      Defendant was convicted by a jury of offenses stemming from a plethora of criminal conduct that included, as is relevant here, his sexually assaulting an underage victim on multiple occasions (96 AD3d 1149 [2012], lv denied 19 NY3d 1101 [2012]). He was sentenced to a lengthy aggregate term of imprisonment and the conviction was upheld on appeal (id.). In 2014, defendant filed a pro se motion pursuant to CPL 440.30 (1-a) and argued that samples from the victim's blue jeans and T-shirt, as well as a sex toy that defendant used to violate the victim and other

items collected from his residence, should be subjected to DNA testing.  County Court denied the motion, and defendant now appeals.

We affirm.  In order to succeed on his motion, defendant was obliged to "demonstrate that there [was] a reasonable probability that the verdict would have been more favorable to him if the testing he [sought] had been conducted" (People v Dickson, 103 AD3d 989, 990 [2013], lv denied 21 NY3d 1003 [2013]; see CPL 440.30 [1-a] [a]).  A number of the items referenced by defendant have already been subjected to DNA testing and the results, which were entered into evidence at trial, were not helpful to his defense.  Semen containing sperm matching the DNA profile of defendant, as well as other material consistent with the victim's DNA, was found on the jeans along with genetic material from two unknown individuals.  Investigators further recovered DNA evidence from the sex toy – which belonged to defendant's wife – that was consistent with the DNA of defendant, the victim and an unknown donor.  The T-shirt yielded nothing of relevance, with genetic material on it originating from an unknown female and at least one additional donor.

Defendant sought additional testing of those items, as well as the initial testing of others, in order to identify the unknown donors of genetic material.  He suggested that the victim's account of events was incredible, asserting that the prior DNA test results were the result of the victim's clothing being intermingled with other dirty clothes in a hamper and her sexual activity with others.  Defendant had unsuccessfully advanced those claims at trial, however, and the motion papers provided nothing beyond base speculation as to how additional DNA testing would render them more believable.  Thus, County Court properly denied the motion without a hearing (see People v Swift, 108 AD3d 1060, 1061-1062 [2013], lv denied 21 NY3d 1077 [2013]; People v Brown, 36 AD3d 961, 961-962 [2007], lvs denied 8 NY3d 919, 920 [2007]).

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court