People v Van Ness (2018 NY Slip Op 03567)





People v Ness


2018 NY Slip Op 03567


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

108467

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT C. VAN NESS, Appellant.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from that part of an order of the County Court of Saratoga County (Sypniewski, J.), entered October 16, 2015, which denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.
Defendant was convicted by a jury of multiple offenses after he forced an underage victim to engage in various forms of sexual contact, and the judgment of conviction was upheld on appeal (43 AD3d 553 [2007], lv denied 9 NY3d 965 [2007]). In 2015, he moved pro se to vacate the judgment of conviction pursuant to CPL 440.10 and for DNA testing of a buccal swab taken from the victim's thigh pursuant to CPL 440.30 (1-a). County Court denied the motion without a hearing, prompting defendant's appeal. Defendant was denied permission to appeal from that part
of the order denying vacatur of the judgment (see CPL 450.15 [1]), leaving the denial of relief pursuant to CPL 440.30 as the only issue before us.
We affirm. To succeed in his motion for additional DNA testing, defendant was obliged "to show that 'there exists a reasonable probability that the verdict would have been more favorable to [him]' if the requested testing had been carried out and the results admitted at trial" (People v Sposito, 30 NY3d 1110, 1111 [2018], quoting CPL 440.30 [1-a] [a] [1]; see People v Blond, 146 AD3d 1033, 1034 [2017], lv denied 28 NY3d 1182 [2017]). Defendant attacked the credibility of the victim at trial by noting inconsistencies between her trial testimony and her pretrial statements. He now speculates that testing of the thigh swab might have revealed genetic [*2]material that was not his own that could, in turn, have been used to impeach the victim's testimony that he was the perpetrator.
The victim knew defendant and, while her recollection of their encounter had varied somewhat over time, she consistently identified him as her assailant (43 AD3d at 554-555). Her testimony was corroborated by an array of proof that included items recovered from the scene, physical injuries to her and defendant explained by her account, and DNA testing of seminal fluid recovered from her underwear and her vagina that matched the DNA profile of defendant. There was therefore "overwhelming evidence" that defendant was the assailant (id. at 555) and no reasonable probability exists that the victim's identification testimony "would . . . have been impeached or controverted by evidence that the DNA of another individual was discovered" on the thigh swab (People v Swift, 108 AD3d 1060, 1062 [2013], lv denied 21 NY3d 1077 [2013]; see People v Blond, 146 AD3d at 1034; People v Brown, 36 AD3d 961, 962 [2007], lvs denied 8 NY3d 919, 920 [2007]).
As a final matter, we fail to perceive any scenario in which testing on the thigh swab could support defendant's longstanding, previously rejected belief "that the police and medical professionals provided perjured testimony and otherwise committed misconduct" (43 AD3d at 556).
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed.