People v Nelson (2025 NY Slip Op 06098)

People v Nelson

2025 NY Slip Op 06098

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CR-23-0953
[*1]The People of the State of New York, Respondent,
v
Robert Nelson, Also Known as Reginald Robinson and Black, Appellant.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Lynch, J.
Appeal, by permission, from an order of the County Court of Washington County (Kelly McKeighan, J.), entered May 16, 2023, which partially denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree, without a hearing.
Defendant is serving a 15-year prison term after a jury trial verdict in 2014, convicting him of drug possession charges stemming from the recovery of heroin from a vehicle in which he was a passenger. This Court affirmed the judgment of conviction in 2017 upon defendant's direct appeal (People v Nelson, 156 AD3d 1112 [3d Dept 2017], lv denied 31 NY3d 1151 [2018]). In January 2020, defendant moved, pro se, to vacate the judgment under CPL article 440, raising a claim of ineffective assistance of trial counsel pertaining to the final charges given to the jury.[FN1] County Court denied that motion in May 2020 and, in August 2021, the US District Court for the Northern District of New York denied defendant's petition for a writ of habeas corpus (see Nelson v Bell, 2021 WL 3861047, *1, 2021 US Dist LEXIS 163396, *1 [ND NY, Aug. 30, 2021, 9:19-CV-0870 (TJM/DJS)]).
In October 2021, defendant filed another pro se CPL article 440 motion seeking to vacate the judgment of conviction based upon, among other things, a claim of actual innocence premised upon newly discovered evidence (see CPL 440.10 [1] [g]), claims of ineffective assistance of counsel based upon several alleged deficiencies (see CPL 440.10 [1] [h]), and a claim that his constitutional rights were violated when evidence obtained from an illegal search was admitted against him at trial. Counsel was subsequently assigned to represent him on the motion (see County Law § 722 [4]). In support of his actual innocence claim, defendant submitted, among other things, an affidavit from Anthony Ervin, who was a passenger in the vehicle from which the drugs were recovered. Ervin, who pleaded guilty to criminal possession of a controlled substance in the third degree in connection with the underlying event, averred in the affidavit that he was the owner of the heroin found in the vehicle, defendant did not know about its existence and Ervin would have testified to this effect had defendant's trial attorney contacted him.
Defendant also submitted an affidavit from Bernard Johnson, a private investigator who interviewed Ervin in connection with drafting his affidavit. According to Johnson, Ervin "stated that he did not inform the prosecutor or the court that [defendant] [wa]s innocent of the heroin charge because he was scared that, if he did not go along with the prosecutor's version of the facts, he would have been sentenced to the maximum penalty allowed." In further support of the motion, defendant also submitted an affidavit from a self-described "legal assistant" hired by defendant's brother to look [*2]over the case file retained by defendant's trial counsel. The legal assistant averred that he had spoken with defendant's trial counsel, who "did not remember specifics about whether he conducted a sufficient investigation . . . by contacting and interviewing [Ervin] to determine whether he would have testified favorably" on defendant's behalf at trial.
The People opposed the motion on several grounds, arguing, among other things, that it should be summarily denied because Ervin's statement did not constitute newly discovered evidence under CPL 440.10 (1) (g), and defendant's other claims could have been raised in his initial CPL article 440 motion or were already decided on his direct appeal from the judgment of conviction.
By order entered October 25, 2022, County Court summarily denied so much of the motion pertaining to the legality of the vehicle search and several of the ineffective assistance of counsel claims on the ground that they had either already been decided on defendant's direct appeal from the judgment of conviction or could have been raised on direct appeal but were not (see CPL 440.10 [2] [a], [b], [c]). The court did, however, entertain one of defendant's ineffective assistance of counsel claims pertaining to the failure to move for dismissal of the fourth degree criminal possession charge as an inclusory concurrent count of one of the third degree possession charges and dismissed that charge accordingly. The court otherwise set a hearing to determine the merits of defendant's actual innocence claim based upon Ervin's affidavit and a related ineffective assistance of counsel claim (see CPL 440.30 [5]).
Despite adjourning the scheduled hearing date to enable counsel to secure Ervin's attendance, Ervin did not appear on the May 2, 2023 return date. Defense counsel explained that he had served Ervin with a subpoena but "received no contact." After representing that defendant wished to move forward with his actual innocence claim, defense counsel asked for another adjournment to research whether he could enforce a subpoena with a material witness order (see CPL 620.20) in the context of a CPL article 440 motion. County Court granted the adjournment request, but articulated that it knew of no way to enforce a subpoena by means of a material witness order in the postconviction context. On May 11, 2023, defense counsel wrote to the court advising that he had spoken with Ervin, who "repeatedly and quite forcefully expressed" that he did not want to testify. Although counsel asked the court to "postpone any decision" on the remainder of defendant's motion to June 1, 2023 to enable him to confirm whether defendant wished to withdraw the motion, County Court issued its written decision denying the motion on May 16, 2023. Pertinent here, the court found that, without Ervin's testimony, defendant could not meet his burden of proof on his actual innocence claim and the ineffective assistance of counsel argument premised upon it.[FN2] Defendant, [*3]by permission of this Court, appeals.
Defendant argues that the Sixth Amendment right to compulsory process requires a mechanism to secure a material witness' attendance at a hearing on a motion for postconviction relief under CPL article 440 and that the failure to provide for such a process in CPL 620.20 is unconstitutional.[FN3] This argument is not adequately preserved, as defendant did not raise it before County Court (see People v Johnson, 27 NY3d 199, 208 [2016]; People v Friola, 11 NY2d 157, 159 [1962]; People v Vanderhorst, 199 AD3d 119, 122 [3d Dept 2021], lv denied 37 NY3d 1099 [2021]). Under the circumstances presented, as discussed below, we decline to exercise our interest of justice jurisdiction to take corrective action.
In our view, County Court did not abuse its discretion in denying the remainder of defendant's motion without holding an evidentiary hearing on the actual innocence claim.[FN4] A hearing under CPL article 440 "is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Podeswa, 205 AD3d 1139, 1140-1141 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]). "The decision to grant or deny a CPL article 440 motion, with or without a hearing, is entrusted to the sound discretion of the trial court" (People v Phelps, 236 AD3d 1194, 1195 [3d Dept 2025] [citations omitted]).
To establish a claim of actual innocence, defendant was required to "present newly discovered proof constituting clear and convincing evidence of factual innocence, not mere legal insufficiency of evidence of guilt" (People v Henley, 232 AD3d 1117, 1122 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 43 NY3d 930 [2025]). As noted by County Court, defendant's actual innocence claim was premised on Ervin's explanation in the affidavit that the drugs retrieved from the vehicle were his and that defendant had no knowledge of their presence. The court reasoned that Ervin's refusal to testify "undermine[d]" the veracity of his affidavit. The court further concluded that, without Ervin's hearing testimony, defendant was unable to establish his actual innocence claim by clear and convincing proof, and, concomitantly, was unable to demonstrate ineffective assistance of counsel relative to this issue. In this context, we conclude that County Court did not err in denying the remainder of defendant's motion.
With respect to defendant's claim that he was deprived of the effective assistance of counsel, we first address the People's contention that a defendant does not have a constitutional right to counsel with respect to a CPL 440.10 motion. We are mindful that the Court of Appeals has "never held that a defendant is entitled to a state constitutional right to counsel in all postjudgment criminal proceedings" (People v Grimes, 32 NY3d 302, 311 [2018] [emphasis added]; see People v Alsaifullah, 130 AD3d 1321, 1321 [3d Dept 2015]). The Court of Appeals has [*4]further observed that "defendants do not have an automatic right to counsel to assist with CPL 440.10 motions" (People v Scott, ___ NY3d ___, ___, 2025 NY Slip Op 01562, *5 [2025], citing County Law § 722 [5]). Those general statements, however, do not change the fact that a court is authorized to assign counsel to represent a defendant when a hearing has been ordered with respect to a CPL 440.10 motion (see County Law § 722 [4]; see also People v Monahan, 17 NY2d 310, 313 [1966]). Such is the case here, and counsel was duly assigned to represent defendant. Once assigned, counsel was required to provide meaningful representation and, in our view, did so. We find unavailing defendant's contention that his counsel was ineffective for failing to subpoena the two individuals who procured Ervin's affidavit to testify at the scheduled evidentiary hearing regarding their conversations with Ervin. The affidavits provided by Johnson and the "legal assistant" are premised on hearsay and not the type of reliable, probative evidence necessary to establish a viable claim of actual innocence (see People v Bailey,232 AD3d 1031, 1037 [3d Dept 2024], lv denied 43 NY3d 929 [2025]; People v Hamilton, 115 AD3d 12, 23 [2d Dept 2014]).
Clark, J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: A copy of this motion is not included in the record before this Court but is referenced in the decision on appeal.

Footnote 2: Defendant does not challenge County Court's denial of counsel's request for a further adjournment before deciding the motion.

Footnote 3: As required when "the constitutionality of a statute of the State is involved in a matter in which the State is not a party," defendant notified the Attorney General's office that he was making this argument by serving a copy of his brief and appendix upon it (22 NYCRR 1250.9 [i]). The Attorney General's office has advised this Court that it will not intervene.
Footnote 4: Defendant appears to concede as much in his appellate brief, stating that, without Ervin's testimony, County Court "lack[ed] the ability to meaningfully evaluate the veracity of [defendant's] claim of actual innocence."