People v Thibeault (2025 NY Slip Op 06762)

People v Thibeault

2025 NY Slip Op 06762

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CR-23-2080
[*1]The People of the State of New York, Respondent,
v
Charles R. Thibeault Sr., Appellant.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant, and appellant pro se.
Matthew Van Houten, Special Prosecutor, Ithaca, for respondent.

McShan, J.
Appeal from that part of an order of the County Court of Cortland County (Julie Campbell, J.), entered July 28, 2023, which denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.
The underlying facts leading to defendant's criminal conviction are familiar to this Court, as we previously affirmed his conviction on his direct appeal (73 AD3d 1237 [3d Dept 2010], lv denied 15 NY3d 810 [2010], cert denied 562 US 1293 [2011]) and denied his motion for writ of error coram nobis seeking to vacate our prior decision (2016 NY Slip Op 85827[U] [3d Dept 2016]). Briefly, in 2008, defendant's estranged wife was found strangled to death inside her home in Cortland County. Traces of defendant's DNA were recovered on the victim's bloody shirt and her DNA was recovered from a spot of blood found in defendant's truck. Defendant was charged by indictment with murder in the second degree, burglary in the first degree, criminal possession of a weapon in the third degree and criminal contempt in the first degree and was convicted as charged after a jury trial. He was later sentenced to an aggregate prison term of 25 years to life.
In 2018, defendant, in a self-represented capacity, moved pursuant to CPL 440.10 to vacate his judgment of conviction. In the motion, defendant also requested that counsel be assigned to assist him in investigation and locating witnesses to support his claims. In July 2018, the Cortland County Public Defender's office (hereinafter CCPD) was assigned to represent defendant.[FN1] CCPD, over the course of the next four years, requested a series of control date adjournments to review and investigate relevant facts and evidence for the purposes of filing a supplemental CPL article 440 motion, primarily based upon an effort to conduct additional DNA testing. That effort began sometime around January 2019 when CCPD advised that it was continuing to assess and retrieve relevant documents in this matter and that it had hired a DNA consultant to "review[ ] the scientific material in this case to help [CCPD] determine if [it was] going to seek testing (e.g. DNA) of anything." In March 2019, CCPD informed County Court of its intention "to retain an independent lab to re-test and perform DNA testing on" five specified pieces of evidence and thus requested an additional two-month adjournment; the court granted the request. Further requests were made in order to obtain funding to pursue such testing. After several adjournments that were prompted by the COVID-19 pandemic, another adjournment was requested and granted due to staffing issues at CCPD and the termination of the investigator it had retained to assist on defendant's matter. In July 2022, CCPD advised County Court on the ongoing investigatory efforts being undertaken that were necessary to "complete [CCPD's] investigation and work towards filing the amended 440 motion" and that CCPD had contacted "a DNA expert who is providing [CCPD] [*2]with an opinion regarding the DNA testing and evidence in this case." County Court granted another adjournment until December 2022. That month, the People requested a conference to address discovery issues and to set a timetable for the resolution of defendant's pro se CPL article 440 motion.
Ultimately, noting that it had already granted multiple adjournments of the due date to file the supplemental motion, County Court set an April 2023 date for a conference and required an offer of proof from CCPD before granting any further extensions with respect to the motion. Prior to the April 2023 conference, defendant, via CCPD, moved for the issuance of a judicial subpoena duces tecum requiring the production of records pertaining to an investigation into the DNA testing practices of the State Police led by the Inspector General. After a conference and a brief hearing, County Court denied CCPD's motion. That same day, in a separate order, the court ruled that defendant was not entitled to discovery from the People and, as relevant here, dismissed CCPD's efforts to conduct retesting of DNA evidence. County Court therefore foreclosed CCPD's right to file a supplemental motion and deemed defendant's initial pro se motion as submitted on the papers filed. Defendant, through CCPD, moved to reargue and outlined detailed contentions as to the attempts made to investigate the factual contentions contained in defendant's pro se CPL article 440 motion and the need for additional time to complete this effort in good faith. CCPD again raised contentions outlining the need to conduct additional DNA testing. At the same time, defendant sought to relieve CCPD as appointed counsel. County Court denied defendant's motion as well as his pro se request to relieve CCPD as his counsel.
The People then filed an affirmation in opposition to defendant's pro se CPL article 440 motion outlining their contention that all issues raised in the motion were fully litigated and determined at defendant's original trial and appeal. County Court ultimately denied defendant's CPL article 440 motion on the basis that defendant failed to raise new issues that had not already been litigated and determined on his previous direct appeal and had failed to present newly discovered evidence. Further, as relevant here, County Court, treating the aforementioned arguments as an application to engage in further DNA testing pursuant to CPL 440.30 (1-a), denied defendant's request to do so. Defendant appeals from that part of the order (see CPL 450.10 [5]).[FN2]
Defendant contends that he was deprived of his constitutional right to the effective assistance of counsel based upon CCPD's failure to supplement his CPL article 440 motion with a CPL 440.30 (1-a) motion for DNA testing. We disagree. At the outset, we note that County Court was authorized to assign counsel to represent him with respect to his CPL article 440 motion and, "[o]nce assigned, counsel was required to provide meaningful representation[*3]" (People v Nelson, ___ AD3d ___, ___, 2025 NY Slip Op 06098, *4 [3d Dept 2025]). However, to prevail on a claim of ineffective assistance of counsel, "a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Shuler, 231 AD3d 1285, 1286 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 1082 [2025]; see People v Clark, 209 AD3d 1063, 1065 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]). As relevant here, "[t]o succeed in his motion for additional DNA testing, defendant was obliged to show that there exists a reasonable probability that the verdict would have been more favorable to him if the requested testing had been carried out and the results admitted at trial" (People v Van Ness, 161 AD3d 1390, 1391 [3d Dept 2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 942 [2018]).
In support of its request for a subpoena duces tecum, CCPD provided the affidavit of its DNA consultant, which it had retained to demonstrate that various items of evidence should have been tested or be retested in order to demonstrate conflicting reasons as to the presence of both his and the victim's DNA on those respective items. County Court ultimately addressed the merits of defendant's request for further DNA testing on various occasions, and noted in its decision on defendant's motion to renew/reargue that CPL 440.30 (1-a) does not permit the retesting of DNA material (see People v Vega, 239 AD3d 423, 423 [1st Dept 2025], lv denied ___ NY3d ___ [Oct. 30, 2025]; People v Espino, 179 AD3d 491, 491 [1st Dept 2020], lv denied 35 NY3d 941 [2020]; People v Witherspoon, 156 AD3d 828, 828 [2d Dept 2017], lv denied 31 NY3d 988 [2018]). County Court also noted in the order on appeal that defendant had ample opportunity to raise his alternative theories and did in fact challenge the DNA evidence at trial with expert testimony. Further, County Court noted that the argument advanced by defendant with respect to allegations of misconduct at the New York State Police Crime Laboratory, and any potential effect on this case, was rooted in pure speculation. In sum, noting the aforementioned concerns as well as the other forensic evidence introduced at trial, County Court's denial of the motion based upon a failure to demonstrate a reasonable probability of a more favorable outcome for defendant at trial was well supported (see People v Vega, 239 AD3d at 423; People v Dorcinvil, 175 AD3d 1421, 1422 [2d Dept 2019], lv denied 34 NY3d 1077 [2019]; People v Blond, 146 AD3d 1033, 1034 [3d Dept 2017], lv denied 28 NY3d 1182 [2017]; People v Sposito, 140 AD3d 1308, 1311 [3d Dept 2016], affd 30 NY3d 1110 [2018]; People v Swift, 108 AD3d 1060, 1061 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]; People v Brown, 36 AD3d 961, 961-962 [3d Dept 2007], lv denied 8 NY3d 920 [2007]; People [*4]v De Oliveira, 223 AD2d 766, 768 [3d Dept 1996], lv denied 88 NY3d 1020 [1996]). On that basis, we discern no justification to fault CCPD for failing to make any further filings on a motion "that would ultimately prove futile" (People v Gonyea, 211 AD3d 1102, 1104 [3d Dept 2022], lv denied 39 NY3d 1110 [2023]; see People v Franklin, 237 AD3d 1246, 1249 [3d Dept 2025]; People v Lall, 223 AD3d 1098, 1110 [3d Dept 2024], lv denied 41 NY3d 984 [2024]). Further, acknowledging the lengthy passage of time between defendant filing his motion, CCPD's appointment and the ultimate resolution of his contentions, we find that the record substantiates that there were legitimate explanations for CCPD's role in that delay, including those delays attributable to the COVID-19 pandemic as well as CCPD's efforts to pursue funding for any potential DNA testing. Ultimately, CCPD demonstrated a meaningful effort to support defendant's motion, and we otherwise find no basis to determine that defendant was deprived of meaningful representation, particularly with respect to that endeavor.
Pritzker, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: Shortly after CCPD's appointment, the People moved for the appointment of a special prosecutor, as one of defendant's trial attorneys had been elected Cortland County District Attorney, taking office in 2017.

Footnote 2: To the extent that defendant's pro se briefing can be interpreted as a request for permission to appeal from the denial of his CPL 440.10 motion, we have denied such relief on multiple occasions, and we discern no compelling justification from the papers submitted to revisit that determination (see CPL 460.15; People v Lamont, 144 AD3d 1330, 1331 [3d Dept 2016], lv denied 28 NY3d 1185 [2017]; compare People v Fournier,116 AD2d 935, 935 [3d Dept 1986]).